STATE v. JIM LEAK.

(Filed 1 November, 1911.)

1. Objections and Exceptions—Sufficiency of Evidence—Verdict—Procedure.

Objection that there was not sufficient evidence to sustain a conviction of the offense charged will not be entertained after verdict.

2. Rape—Assault with Intent—Evidence Sufficient.

Evidence of an assault upon a twelve-year-old girl with the intent to commit rape held sufficient which tended to show undue familiarities taken with the person of the girl by the prisoner in placing his hands upon her person under her clothes, in a secluded place, desisting when a neighbor called her, and appearing at the time to be listening for interruptions; and that this familiarity had been taken in like manner previously on the same day.

3. Instructions—Prayers Requested—Substance—Sufficient Compliance.

The prayers for special instruction requested by defendant in an action for an assault with intent to commit rape being substantially given, no error is found therein.

4. Rape—Assault with Intent—Burden of Proof.

In order to convict of an assault with the intent to commit rape, not only the assault, but the intent, must be shown beyond a reasonable doubt, and the purpose of accomplishing the intent notwithstanding resistance made.

5. Rape, Assault with Intent—Conviction—Less Offense.

When the prisoner is tried for an assault with intent to commit rape, the jury may return their verdict of a less offense, assault and battery, or simple assault, if there is evidence thereof.

6. **Rape, Assault with Intent—Other Acts—Intent—Evidence.**

Upon a trial for an assault with the intent to commit rape, it is competent to show that a short time before it is alleged the defendant committed the assault with the felonious intent, the prosecutrix passed him as he was sitting on the steps, and that he caught her by the ankle and said, "You are as fat as a pig, aren't you?" as evidence tending to show another assault committed under the indictment, and the prisoner's animus and intent upon the second assault.

7. **Rape, Assault with Intent—Evidence—"Listening"—Opinion—Fact.**

The testimony of the prosecutrix, that the prisoner "listened" at the time of making the alleged assault with intent to commit rape, is not objectionable upon the ground that it was an expression of an opinion. *Britt v. R. R.*, 148 N. C., 37; *Wilkinson v. Dunbar*, 149 N. C., 20, cited and approved.

8. **Appeal and Error—Evidence—Exclusion of Answers.**

On appeal, exceptions to exclusion of answers will not be reviewed when it does not appear what was the nature of the testimony excluded.

APPEAL from *Ferguson, J.,* at September Term, 1911, of RICHMOND.

The defendant is charged in the indictment with the crime of assaulting Maggie Hasty, who was about 12 years of age, with the intent to commit rape, and upon conviction was sentenced to a term of five years in the State's Prison.

The assault is alleged to have been committed at the home of the prosecuting witness, where the defendant, who is an old negro man, was working; and the only person on the premises, except the defendant and the witness, was a little sister of the witness. Neighbors lived within a short distance, but, if the evidence of the State is believed, the place of the assault was at the back of the house, on the stairs leading into the basement, which was at least partially concealed.

Maggie Hasty was examined as a witness for the State, and testified to the assault and the circumstances surrounding her at the time. Among other things, she said that the defendant had his hand on her person under her clothes, when a neighbor called her, and that he then desisted. The witness was permitted to say that the defendant had put his hands on her

before on the day of the assault, and the defendant excepted. Also on what part of her person the defendant had his hands when the neighbor called her, and defendant excepted. Also that when committing the assault the defendant "would kind of listen," and defendant excepted.

She was asked on cross-examination if the defendant was "considered bright," and if he did not have the reputation "of not being strong-minded." Upon objection, the witness was not permitted to answer either question, and the defendant excepted.

The defendant tendered the following prayers for instructions:

(1) That the evidence must show beyond a reasonable doubt, not only an assault, but that the defendant intended to gratify his passion on the person of Maggie Mae Hasty, and that he intended to do so at all events, notwithstanding any resistance made on her part. If they are not so satisfied, they cannot convict the defendant of an assault with intent to commit rape upon the said Maggie Mae Hasty.

(2) That the defendant can be convicted of the lesser offense of assault and battery or a simple assault.

(3) That the jury must find beyond a reasonable doubt from the evidence that the defendant placed his hand upon the person of Maggie Mae Hasty with the intent and purpose at the time, notwithstanding any resistance she might make, and at all events, to gratify his passion on her person, before he can be convicted of an assault with intent to commit rape.

There was no request to charge the jury that there was not sufficient evidence to sustain the indictment, but upon the rendition of the verdict the defendant moved the court to set aside the verdict (1) as being against the weight of the evidence, (2) for errors in the admission and rejection of testimony, for errors in his Honor's charge to the jury, (3) for failure to give the special instructions asked by the defendant.

*Attorney-General Bickett and Assistant Attorney-General George L. Jones for the State.*

*Defendant not represented in this Court.*

ALLEN, J. Upon an examination of the record, we find no error which entitles the defendant to a new trial. The objection that there was not sufficient evidence to sustain a conviction cannot be entertained after verdict. *S. v. Harris,* 120 N. C., 578; *S. v. Huggins,* 126 N. C., 1055; *S. v. Williams,* 129 N. C., 582. But if it had been made in apt time, it could not avail the defendant, as the evidence is as conclusive as in *S. v. Page,* 127 N. C., 512, and stronger than in *S. v. Garner,* 129 N. C., 536, in which judgments upon verdicts of guilty were approved.

His Honor gave the defendant the benefit of all the instructions requested, as appears from the following excerpt from his charge:

"The evidence must show, beyond a reasonable doubt, not only an assault, but that the defendant intended to gratify his passion on the person of Maggie Mae Hasty, and that he intended to do so at all events, notwithstanding any resistance made on her part; and if the evidence does not so satisfy your mind, you cannot convict the defendant of the assault with intent to commit rape upon the said Maggie Mae Hasty. The defendant can be convicted of the lesser offense of assault and battery or simple assault. The jury must find, beyond a reasonable doubt, that he placed his hands upon the person of Maggie Mae Hasty with the intent and purpose at the time, notwithstanding any resistance she might make, and at all events, to gratify his passion on her person, before he can be convicted of an assault to commit rape."

It was competent for the State to prove that the defendant placed his hands on the prosecutrix at another time on the day of the assault, as evidence of another assault of which the defendant could have been convicted under the indictment, and as tending to prove the animus and intent of the defendant. *S. v. Murphy,* 84 N. C., 742; *S. v. Parish,* 104 N. C., 692; *S. v. Adams,* 138 N. C., 693.

The evidence objected to was that a short time before it is alleged the defendant committed the assault with the felonious

intent, that the prosecutrix passed the defendant as he was sitting on the steps, and that he caught her by the ankle and said: "You are as fat as a pig, ain't you?"

The exceptions to the refusal to permit the witness to say whether or not the defendant was considered bright, or had the reputation of not having a strong mind, are without merit. There is nothing to indicate what was expected to be proved, or what answer would have been given to the questions, and so far as we can see, the witness would have answered both questions in the negative.

It does not, therefore, appear that the defendant has been prejudiced by the ruling. The evidence of the prosecutrix, that the defendant was listening, was objected to upon the ground that it was an expression of an opinion. We do not think so. The rule applicable to evidence of this character is clearly and accurately stated in McKelvey on Evidence, p. 220 *et seq.,* as follows:

"The instantaneous conclusions of the mind as to the appearance, condition, or mental or physical state of persons, animals, and things, derived from observation of a variety of facts presented to the senses at one and the same time, are, legally speaking, matters of fact, and are admissible in evidence.

"A witness may say that a man appeared intoxicated or angry or pleased. In one sense the statement is a conclusion or opinion of the witness, but in a legal sense, and within the meaning of the phrase, 'matter of fact,' as used in the law of evidence, it is not opinion, but is one of the class of things above mentioned, which are better regarded as matters of fact. The appearance of a man, his actions, his expression, his conversation—a series of things—go to make up the mental picture in the mind of the witness which leads to a knowledge which is as certain, and as much a matter of fact, as if he testified, from evidence presented to his eyes, to the color of a person's hair, or any other physical fact of like nature.

"This class of evidence is treated in many of the cases as opinion admitted under exception to the general rule, and in others as matter of fact—'shorthand statement of fact,' as it is

called. It seems more accurate to treat it as fact, as it embraces only those impressions which are practically instantaneous, and require no conscious act of judgment in their formation. The evidence is almost universally admitted, and very properly, as it is helpful to the jury in aiding to a clearer comprehension of the facts."

This principle has been approved in *Britt v. R. R.,* 148 N. C., 37; *Wilkinson v. Dunbar,* 149 N. C., 20, and in other cases in our reports.

We find

No error.