### STATE v. GEORGE E. PRITCHARD.

(Filed 26 February, 1947.)

**1. Criminal Law § 81c (2)—**

The court's statement of contentions will not be held for reversible error even if inexact in some particulars when the alleged error is without material significance on the record.

**2. Criminal Law § 81c (1): Attorney and Client § 4—**

A party is entitled to appear *in propria persona,* G. S., 1-11, and when a defendant insists upon this right notwithstanding his ability to employ counsel and the efforts of the trial judge to assign him counsel, it cannot be pressed successfully on appeal that he was prejudiced by the action of the trial court in failing to provide counsel and in permitting him wide latitude in the introduction of evidence.

**3. Elections § 23e—**

In this prosecution for willfully publishing and circulating false reports, derogatory on their face, against a candidate with intent to affect the chances for nomination, G. S., 163-196 (11), no prejudicial error in the trial was made to appear and therefore the verdict and judgment is upheld.

APPEAL by defendant from *Hamilton, Special Judge,* at September Term, 1946, of BEAUFORT.

Criminal prosecution on warrant charging the defendant with publishing and causing to be circulated in a Camden County Primary Election held 25 May, 1946, derogatory reports concerning W. I. Halstead,

a candidate for nomination to the office of Representative in the General Assembly.

The record recites an arraignment of the defendant under the warrant, but omits to record his plea. At the instance of the defendant, the cause was removed to Beaufort County. A trial was there had, and the jury returned a verdict of guilty. The defendant was sentenced to 12 months on the roads. He appeals, assigning as error certain contentions given by the court in its charge to the jury and the failure of the court to assign him counsel for the hearing.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*H. S. Ward for defendant.*

STACY, C. J. The record reveals an unusual proceeding—manifestly difficult to conduct. The defendant insisted on trying his own case, which he had a right to do under the statute. G. S., 1-11. He proved to be a poor lawyer and an unwise client. After conviction, he employed counsel to prosecute an appeal. This has been done with as much skill as the record would permit.

It appears that the defendant took the witness stand and admitted the publication and circulation of the reports as alleged in the warrant. They are derogatory on their face. The jury found that they were false and were circulated willfully, with intent to affect the chances for nomination of the candidate named. This resulted in a conviction under the statute, G. S., 163-196, subsection 11, and judgment as above indicated.

Apparently the defendant sought to defend the publication and circulation of the reports on the ground that they were supported by personal transactions which he previously had with the candidate. The jury did not accept his version of the matter. In fact, all the evidence was to the contrary, save that of the defendant's own expression of belief.

The exceptions addressed to the statement of contentions are pointed in the main to matters other than the truthfulness of the charges. Even if inexact in some particulars, they would seem to be without material significance on the record as presented.

The failure to provide the defendant with counsel cannot be held for error in the light of the trial. He was able to pay counsel, but preferred "to go it alone." *Abernethy v. Burns,* 206 N. C., 370, 173 S. E., 899. Indeed, the court sought to assign the defendant counsel, showed him every consideration, and gave him a wide latitude in the introduction of evidence. This liberality, it is now suggested, while otherwise intended, was in reality hurtful to the defendant. *Gibbs v. Russ,* 223 N. C., 349, 26 S. E. (2d), 909; *Midgett v. Nelson,* 212 N. C., 41, 192 S. E., 854; *Morgan v. Benefit Society,* 167 N. C., 262, 83 S. E., 479. The point was

seriously pressed at bar, but we are unable to perceive wherein the defendant was prejudiced by the action of the trial court. His conviction was induced by his own testimony.

No irregularity sufficient to upset the verdict or the judgment has been made to appear. Hence the result:

No error.