STATE v. JAMES HENRY FRANKLIN BROWDER.

(Filed 24 February, 1960.)

**1. Rape § 8—**
    The act of carnally knowing and abusing a female child under the age of 12 years is rape irrespective of force, intent, or her consent. G.S. 14-21.

**2. Rape § 10:    Criminal Law § 34—**
    In a prosecution for carnal knowledge of a female under 12 years of age, her testimony to the effect that defendant had repeatedly had intercourse with her during the prior several years is competent in corroboration of the offense charged, and the first such occasions will not be held too remote when the evidence discloses that such acts were repeated with regularity up to the date specified in the indictment.

**3. Criminal Law § 84—**
    Testimony of statements made by prosecutrix which corroborate her incriminating testimony upon the trial is properly admitted for the restricted purpose of corroboration.

**4. Rape § 11—**
    The evidence in this prosecution for carnal knowledge of a female under the age of 12 years *held* amply sufficient to carry the case to the jury.

**5. Criminal Law § 106—**
    Where the court correctly places the burden upon the State to prove defendant's guilt beyond a reasonable doubt and charges upon the pre-

sumption of innocence, the failure of the court to define the term "reasonable doubt" will not be held for error in the absence of a request for special instructions.

APPEAL by defendant from *Bundy, J.,* November Term, 1959, of PITT.

Criminal prosecution upon an indictment charging defendant on 6 May 1959 with felonious ravishing and carnally knowing a female child eleven years of age. G.S. 14-21.

Plea: Not Guilty. Verdict: Guilty of rape, with a recommendation for life imprisonment.

From a judgment of imprisonment for life in the State's prison, defendant appeals.

*Malcolm B. Seawell, Attorney General, and T. W. Bruton Assistant Attorney General for the State.*
*Claude W. Harris and Willis A. Talton for defendant.*

PARKER, J.　The act of "carnally knowing and abusing any female child under the age of twelve years" is rape, even though she consents. G.S. 14-21; *S. v. Storkey,* 63 N.C. 7; *S. v. Johnson,* 226 N.C. 671, 40 S.E. 2d 113. Neither force, nor intent are elements of the offense. *S. v. Jones,* 249 N.C. 134, 105 S.E. 2d 513.

The State's evidence presents these facts: On 6 May 1959 the female child named in the warrant was eleven years old. She is a stepdaughter of the defendant. On that day in their home the defendant had sexual intercourse with her. On 29 May 1959 this little girl was examined by Dr. Malene G. Irons, who was admittedly, and found by the trial court to be, a medical expert in children's diseases. The little girl had a great deal of pain around her genital organs, there was a heavy bloody discharge with a foul odor from her vagina, the cervix uteri was inflamed and a heavy discharge was coming from it. Dr. Irons made smears of this discharge, studied them under the microscope, and found this infection was due to a gram negative germ, which is the germ that is present in gonorrhea. Her vagina had a large opening and there was no hymeneal ring at all.

Defendant stated on cross-examination that he had been treated for gonorrhea by the Public Health Department in Florence, South Carolina, while he was in jail. On redirect-examination he testified he contracted gonorrhea in 1950, that he was cured of that disease by the Health Department, and had not had that disease since then.

Defendant assigns as errors that the trial court, over his objections and exceptions, permitted the little girl to testify that defendant had had sexual intercourse with her from the time she was five, six or

seven years old, that the first time he made her do it she was five years old, and he did it once or twice a week. The trial court instructed the jury that this evidence was admitted solely for the purpose of showing intent, design or guilt on the part of the defendant, if it does so show.

In *S. v. Parish*, 104 N.C. 679, 10 S.E. 457, the defendant was convicted of the common law offense of rape of his eleven-year-old daughter. At that time the age limitation for statutory rape of a female child was under the age of ten years. Code of N. C., 1883, Vol. I, Sec. 1101. The age limitation was changed to under the age of twelve years during the 1917 Session of the General Assembly. Public Laws of North Carolina, Session 1917, Chapter 29. Over defendant's objection, his daughter was permitted to testify that at various other times and places her father had violated her person. This Court said: "It would be unreasonable to deny to the State the right to show repeated acts, and that all were committed against her will in order to explain her conduct on the particular occasion to which the attention of the jury is directed, and to throw light upon the question whether she yielded willingly to his embraces. . . . The rule is, that testimony as to other similar offenses may be admissible as evidence to establish a particular charge, where the intent is of the essence of the offense, and such testimony tends to show the intent or guilty knowledge."

In *S. v. Leak*, 156 N.C. 643, 72 S.E. 567, the indictment charged defendant with assaulting a twelve-year-old girl with intent to commit rape. This Court said: "It was competent for the State to prove that the defendant placed his hands on the prosecutrix at another time on the day of the assault, as evidence of another assault of which the defendant could have been convicted under the indictment, and as tending to prove the animus and intent of the defendant."

*S. v. Broadway*, 157 N.C. 598, 72 S.E. 987, was a prosecution for incest. The record on file in the office of the Clerk of the Supreme Court shows that defendant was charged with committing the crime of incest with his daughter of the whole blood, Mary Broadway. The record shows that the court, over defendant's objection, permitted Mary Broadway to testify that "within the past three or four years he (her father) had to do with me every time he got a chance," to testify as to the first time it occurred, and the last time it occurred, and to testify as to other acts of intercourse with her father. The record also shows that the court, over defendant's objection, permitted Mary C. Morgan, grandmother of Mary Broadway, to testify Mary Broadway told her the first time her father had intercourse with her,

and that thereafter he had to do with her every time he got a chance, and permitted her brother, George Broadway, to testify that he saw Mary Broadway "come from a room crying, saying her father had had to do with her." In respect to this evidence, which is not in the decision, but is in the record on file in the office of the Clerk of the Supreme Court, this Court said: "The exception to proof of other acts of the same nature cannot be sustained. They are competent in corroboration, (citing authority), as was also evidence of cruel treatment of the daughter offered to show compulsion, 22 Cyc., 53. The evidence of similar statements made by the witness before the trial was also competent as corroborative evidence, and this may be shown by the witness himself."

In most jurisdictions it is held or recognized that in prosecutions for statutory rape, or rape of a female under the age of consent, or otherwise unable to consent, evidence is admissible which tends to show prior offenses of the same kind committed by the defendant with the prosecuting witness, provided they are not too remote in point of time, such evidence being admitted in corroboration of the offenses charged, or to prove identity, and not to prove a separate offense. 44 Am. Jur., Rape, Sec. 80; Wharton's Criminal Evidence, 12th Ed., Vol. I, p. 547; 22 C.J.S., Criminal Law, p. 1165; Annotation, 167 A.L.R. p. 574, *et seq.;* Underhill's Criminal Evidence, 5th Ed., Vol. I, Sec. 211; Wigmore on Evidence, 3rd Ed., Vol. II, Sec. 398. The above works cite in support of their statements a multitude of cases, and the Annotation in 167 A.L.R., and Wharton's Criminal Evidence cite cases from 36 states including our case of *S. v. Parish, supra,* which recognizes the rule, and the District of Columbia.

While the State's evidence shows that defendant first had carnal knowledge of prosecutrix several years prior to the date specified in the indictment, such acts were continuous to the date specified in the indictment, and under such circumstances the first acts and the other acts are not too remote. The prior acts of intercourse between the defendant and the prosecutrix were properly admitted in evidence in corroboration of the offense charged, and defendant's assignments of error in respect to their admission are overruled.

Defendant assigns as errors the admissions in evidence for the purpose of corroborating the prosecutrix the testimony of a deputy sheriff that prosecutrix told him that the first time defendant made her do it, she was five years old; and the testimony of a case worker in the County Welfare Department of a substantially similar statement for the same purpose. The trial court at the time of the admissions of this evidence, and also in its charge carefully restricted this

testimony as corroborative evidence only. These assignments of error are overruled. *S. v. Broadway, supra; S. v. Tate*, 210 N.C. 613, 188 S.E. 91; *S. v. Davis*, 229 N.C. 386, 50 S.E. 2d 37. There are no other assignments of error to the evidence.

A study of the evidence shows that the State presented ample evidence to carry the case to the jury, and the trial court properly denied the motion for judgment of nonsuit made at the close of the State's evidence, and renewed at the close of all the evidence. Defendant's brief states that the exceptions to the denial of the motions for nonsuit "are formal, but since this is a capital case, we feel they should be reviewed."

Defendant assigns as error the failure of the trial court in its charge to define the term "reasonable doubt." The trial court did not define the term "reasonable doubt," or attempt to define it, but numerous times in its charge it stated that the burden of proof was on the State to prove the defendant guilty beyond a reasonable doubt; that there was no burden on the defendant to establish his innocence, for the law says he is not guilty until the State has proven his guilt beyond a reasonable doubt; that if the jury had a reasonable doubt of his guilt, they should acquit him. The trial court charged on the presumption of innocence. Defendant made no request of the court to define the term "reasonable doubt." This assignment of error is overruled. *S. v. Lee*, 248 N.C. 327, 103 S.E. 2d 295; *S. v. Hammonds*, 241 N.C. 226, 85 S.E. 2d 133.

The only other assignments of error to the charge are to the trial court's statements of the evidence of prosecutrix as to prior acts of intercourse, and of the testimony of the deputy sheriff and of the case worker in the County Welfare Department as to prior consistent statements of prosecutrix, as above set forth These assignments of error are overruled.

We have examined the charge of the court with care. The court instructed the jury that they could return any one of four verdicts: one, guilty of rape; two, guilty of assault with intent to commit rape; three, guilty of an assault upon a female, the defendant being a male person over 18 years of age; and four, not guilty, according to the jury's findings of the facts. He carefully instructed the jury that if they returned a verdict of guilty of rape, they had absolute discretion at the time of rendering their verdict to recommend imprisonment for life in the State's prison, and if the jury did so recommend, such would be the punishment inflicted by the court.

The trial court, at the request of the defendant, charged the jury as follows: "Now, gentlemen, evidence has been offered here with re-

spects to other acts of sexual intercourse between the defendant and the prosecuting witness, Irene Browder, than that of which he is accused in the bill of indictment, being May the 6, 1959 and the defendant requests me to charge you and I so charge you with respects thereto that the defendant must be tried by you only on the specific charge specified in the indictment. He must be convicted of no other crime nor upon any other charge. You must confine your deliberations upon the whole evidence to the particular crime charged in the indictment and if that crime has not been proved beyond a reasonable doubt, you must acquit the defendant. The prosecuting witness gave evidence of other assaults upon her by the defendant in addition to the one charged in the indictment. You're not to consider such evidence for any purpose except as to what bearing it may have upon the truthfulness of the particular charge in this case."

The court gave the defendant great latitude in the introduction of evidence. The charge is free from prejudicial error. In the trial below, we find

No error.