STATE OF NORTH CAROLINA v. DONALD W. SPAIN

No. 687SC398

(Filed 18 December 1968)

**1. Rape § 18; Criminal Law § 34—— assault with intent to commit rape — evidence of similar assaults**

In a prosecution of defendant for assault with intent to commit rape upon his nine-year-old stepdaughter, testimony by the prosecuting witness that defendant had committed similar assaults upon her person on other occasions is competent.

**2. Rape § 18; Criminal Law § 83—— assault with intent to commit rape — competency of wife to testify against husband**

In a prosecution of defendant for assault with intent to commit rape upon his nine-year-old stepdaughter, the child's mother is a competent witness against her husband to testify as to what she saw taking place between the defendant and her daughter at the time of the alleged offense. G.S. 8-57.

**3. Rape § 18—— assault with intent to commit rape — corroborative evidence**

In a prosecution of defendant for assault with intent to commit rape upon his nine-year-old stepdaughter, testimony by the prosecutrix' mother as to what her daughter had told her about previous assaults by defendant is competent as corroborative evidence.

**4. Criminal Law § 113—— instructions as to corroborative evidence**

In the absence of a request, the court is not required to instruct the jury that certain evidence is admitted solely for corroborative purposes.

**5. Criminal Law §§ 89, 95—— corroborative evidence — admission of evidence competent for restricted purpose**

In a prosecution for assault with intent to commit rape upon a female child, the admission of testimony competent in part for the purpose of corroborating prosecutrix' testimony but incompetent in part in going beyond her testimony will not be held error where defendant interposed only a general objection to the evidence.

**6. Criminal Law § 95—— evidence for restricted purpose**

As a general rule, the general admission of evidence which is competent for a restricted purpose will not be held error in the absence of a request by defendant that its admission be restricted, and a general objection to the testimony is insufficient.

**7. Rape § 18—— assault with intent to commit rape — nonsuit**

In a prosecution of defendant for assault with intent to commit rape upon his nine-year-old stepdaughter, the testimony of the prosecutrix and her mother is sufficient to carry the issue of defendant's guilt to the jury, and the fact that a medical examination of the prosecutrix on the day after the assault revealed no bruises or anything of an abnormal condition upon the prosecutrix' body does not warrant nonsuit.

**8. Rape § 18— instructions**

In a prosecution for assault with intent to commit rape on a female child, instructions of the trial court correctly defined the elements of the offense, and the court's comparison of the offense charged with the offense of rape is not erroneous as confusing the jury, especially so when the defendant was found guilty of "assault upon a female" upon instructions correctly charging the necessary elements of that offense.

APPEAL by defendant from *Parker, J.,* 27 May 1968, Regular Criminal Session, NASH County Superior Court.

A bill of indictment, returned at the March 1968 Session, charged the defendant with a felonious assault with intent to rape Tanya Louise Peele (Tanya), his stepdaughter, on 10 February 1968. To this charge the defendant entered a plea of not guilty. The jury found him guilty of assault on a female, and from the imposition of a sentence of two years, he appealed.

The evidence on behalf of the State tends to show that on 10 February 1968 and for some time prior thereto, the defendant lived with his wife, their four-year old son, a fifteen-year old son of his wife by a former marriage, and Tanya, a nine-year old daughter of his wife by a former marriage.

Tanya testified that on 10 February 1968 she went in her room, which at that time was dark, to get her clothes; the defendant came in the room and would not let her go; her mother then came in the room, at which time the defendant let her go; but when her mother later left the house, the defendant caught her in the kitchen and would not let her go. Tanya also testified that on another occasion, while her mother was at work, the following episode occurred when she came home from school:

"I was in the den trying to get up my homework when he picked me up and carried me up to his room. It was still light at that time. After he picked me up and took me to his room, I told him to let me go but he wouldn't. After that he started mashing his thing on me. I remember that I had on my school dress at that time. He took me to the bed in his room. He pulled off my underwear and his underwear too. After that he mashed his thing on me.

. . .

After he mashed his thing between my legs he just held me there. He held me there five or ten minutes. He did not say anything to me. I did have on my dress at that time. After he held me there for about five or ten minutes he let me go. There was no one else in the house at that time."

The defendant's wife testified that on 10 February 1968, about five o'clock in the afternoon, she told Tanya to go upstairs and get dressed; she went upstairs to get something about two or three minutes after Tanya had gone upstairs; when she reached the head of the stairs, she heard Tanya, who was crying, say, "Let me go"; she asked what was going on; Tanya answered, "Daddy won't let me go"; she asked the defendant what was going on and he replied, "I was just talking to her"; and she thought nothing of the episode, until later when she returned from an errand and entered the kitchen by the back door. She testified:

> "When I opened the swinging door to go into the kitchen I saw my husband squatted down on the kitchen floor with my daughter between his knees. When I walked in the door he stood up and Tanya ran out crying. I started to go out behind her. When I opened the door and turned around to ask him what he called himself doing, the light from the hall and from the back porch shone directly on where he was standing. He was standing about four feet in front of the door. When the lights hit him I saw that his clothes were undone and he was putting his privates in his pants and zipping his pants up."

*T. W. Bruton, Attorney General, William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

*W. O. Rosser, Attorney for defendant appellant.*

CAMPBELL, J.

The defendant assigns as error the following: (1) the admission of Tanya's testimony about other episodes; (2) the admission of the mother's testimony about what she saw on 10 February 1968 and what Tanya told her about previous episodes; (3) the admission of Police Detective Horace Winstead's testimony about what Tanya told him; (4) the denial of the defendant's motion for judgment as of nonsuit; and (5) the failure of the trial judge to properly charge the jury.

[1] The defendant's first contention is that the trial court erred in admitting Tanya's testimony about other episodes. "Although the North Carolina Court has not expressly recognized a séparate category for [sex] offenses . . ., the decisions are markedly liberal in holding evidence of similar sex offenses admissible for one or more of the purposes listed above [to show knowledge, intent, motive, etc.], especially when the sex impulse manifested is of an unusal or 'unnatural' character." Stansbury, N. C. Evidence 2d, § 92.

The Supreme Court has held evidence of similar prior occurrences competent in the following cases: *State v. Hartsell,* 272 N.C. 710, 158 S.E. 2d 785; *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740; *State v. Browder,* 252 N.C. 35, 112 S.E. 2d 728; *State v. Leak,* 156 N.C. 643, 72 S.E. 567.

This assignment of error is overruled.

[2]    The defendant's second contention is that the trial court erred in admitting the mother's testimony about what she saw on 10 February 1968 and what Tanya told her about previous episodes. G.S. 8-57 (husband and wife as witnesses in criminal actions) provides, *inter alia,* ". . . that in all criminal prosecutions of a spouse for an assault upon the other spouse, or for any criminal offense against a legitimate . . . child of either spouse, . . . it shall be lawful to examine a spouse in behalf of the State against the other spouse. . . ."

[3, 4]    The mother's testimony as to what her daughter Tanya had told her about previous occurrences was competent as corroborative evidence, and in the absence of a request for special instructions limiting the testimony to corroborative purposes, the court was not required to so instruct the jury. *State v. Rose,* 270 N.C. 406, 154 S.E. 2d 492; *State v. Brooks,* 260 N.C. 186, 132 S.E. 2d 354; Stansbury, N. C. Evidence 2d, §§ 27, 51, 52, and 79. *State v. Hartsell, supra.*

This assignment of error is overruled.

[5, 6]    The defendant's third contention is that the trial court erred in admitting Police Detective Horace Winstead's testimony about what Tanya told him. It was competent in part for the purpose of corroborating Tanya's testimony, but it was incompetent in part because it went beyond her testimony. However, the defendant's general objection was properly overruled since it was admissible for corroborative purposes. *State v. Cogdale,* 227 N.C. 59, 40 S.E. 2d 467. It was also unnecessary in the absence of a request by the defendant for the trial judge to limit its admissibility to purposes of corroboration. *State v. Walker,* 226 N.C. 458, 38 S.E. 2d 531.

"As a general rule, the general admission of evidence which is competent for a restricted purpose will not be held error in the absence of a request by defendant that its admission be restricted, and a general objection to the testimony is insufficient." 2 Strong, N. C. Index 2d, Criminal Law, § 95, p. 628.

This assignment of error is overruled.

[7]    The defendant's fourth contention is that the trial court erred in denying the motion for judgment as of nonsuit. The testimony of Tanya and her mother was sufficient to carry the case to the jury. The defendant concedes that this is true "except for the testimony of Dr. Benjamin E. Morgan." Since Dr. Morgan testified that he examined Tanya on 11 February 1968 and that the examination revealed no bruises or anything of an abnormal condition, the defendant contends that this contradicted the State's evidence. However, the testimony of Tanya and her mother and the testimony of Dr. Morgan are not contradictory, particularly since bruises and visible marks are not required for conviction. Even if there was contradictory testimony, it would be a matter for the jury and a motion for nonsuit would be properly denied.

This assignment of error is overruled.

[8]    The defendant's fifth contention is that the trial court erred in the following charge to the jury:

> "Neither force nor intent is an element of this offense when committed on a child under the age of twelve years. Ordinarily, the definition in a situation of this kind where the child is above the age of twelve years is that an assault with intent to commit rape is an assault by a person 18 years of age or over upon a female person with the intent by force and violence and against the will of the female person to have carnal knowledge of her, that is, to have sexual relations with her, but in the situation where the female is under twelve years of age, the State is not required to prove force nor to prove the intent."

The defendant contends that this portion of the charge erroneously eliminated the element of "intent to commit rape" from the offense charged in the bill of indictment. However, a close reading of the charge reveals that the trial court was referring to the offense of "rape upon a female under the age of twelve" and not the offense of "an assault with intent to commit rape." Compare *State v. Browder, supra.* The trial court was merely making a comparison between the offense of "rape" and the offense of "an assault with intent to commit rape." Thereafter, the following charge correctly defined all of the necessary elements of "an assault with intent to commit rape":

> "So the court instructs you that in order for a jury to be justified in returning a verdict of guilty of the offense charged in the bill of indictment, the State of North Carolina must satisfy you from the evidence and beyond a reasonable doubt that the

defendant, Donald W. Spain, committed an assault upon the prosecuting witness, Tanya Louise Peele, intending to gratify his passion upon her body whether with her consent or not, the consent being immaterial."

Even if the comparison of "rape" with "an assault with intent to commit rape" was in any way confusing to the jury, the defendant was found guilty of only "an assault upon a female." The trial court correctly charged the jury as to the necessary elements of "an assault upon a female" and no exception was made to that portion of the charge. Therefore, any error in other portions of the charge was not prejudicial to the defendant. Since the entire charge, when read contextually, presents the law fairly and clearly to the jury, we find no prejudicial error. *State v. Rogers*, 273 N.C. 208, 159 S.E. 2d 525.

This assignment of error is overruled.

We find no prejudicial error in the trial below.

No error.

MALLARD, C.J., and MORRIS, J., concur.