STATE OF NORTH CAROLINA v. CAUSTIN EUGENE LASHLEY

No. 7416SC200

(Filed 6 March 1974)

**Constitutional Law § 32— duty of court to defendant appearing pro se**
   Where defendant voluntarily and understandingly waived his right to counsel and appeared *pro se,* the trial court was not required to exclude evidence to which defendant offered no objection, nor was the court required to warn defendant of his right against self-incrimination when the defendant offered to testify in his own behalf.

APPEAL by defendant from *Braswell, Judge,* 30 July 1973 Session of Superior Court held in ROBESON County.

This is a criminal action wherein the defendant, Caustin Eugene Lashley, was charged in warrants, proper in form, with hit and run driving involving property damage, speeding 90 miles per hour in a 35 mile per hour zone, failing to stop for a blue light and siren, careless and reckless driving, driving a motor vehicle upon the public highway while under the influence of some intoxicating liquor (third offense), driving while his license was permanently revoked, failing to stop at the scene of an accident, and assault with a deadly weapon, to wit, an automobile.

In the District Court the defendant was found guilty as to all charges contained in the warrants and he appealed to the Robeson County Superior Court where he was afforded a trial *de novo*. The defendant was informed by the trial judge of his right to have court-appointed counsel to represent him in these cases; however, he expressly waived this right in writing. The defendant was convicted of all charges except assault with a deadly weapon and was sentenced to be imprisoned for various terms, ranging from 30 days to two years. From these judgments the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Raymond W. Dew, Jr., for the State.*

*Johnson, Hedgpeth, Biggs & Campbell by John Wishart Campbell for defendant appellant.*

HEDRICK, Judge.

The defendant in this case, as was his right under G.S. 1-11, appeared *pro se* and unfortunately proved to be a "poor lawyer and an unwise client." *State v. Pritchard,* 227 N.C. 168, 41 S.E. 2d 287 (1947). Now, through court-appointed counsel, the defendant attempts to argue that the trial court erred in allowing the admission of certain evidence (evidence to which defendant offered no objection at the time of its admission) and in failing to warn the defendant of his right against self-incrimination when the defendant offered to testify in his own behalf. These several assignments of error serve to raise the question of what obligation or duty does the trial judge owe to a defendant who has voluntarily and understandingly

waived his right to counsel. It is our opinion that a defendant who elects to appear *pro se* cannot expect the trial judge. to relinquish his role as impartial arbiter in exchange for the dual capacity of judge and guardian angel of defendant. *State v. McDougald,* 18 N.C. App. 407, 197 S.E. 2d 11 (1973), cert. denied 283 N.C. 756 (1973). The consequences of a defendant representing himself are carefully analyzed in the following excerpt from a note appearing in the North Carolina Law Review:

> " . . . [A]n accused does so at his peril and acquires as a matter of right no greater privileges or latitude than would an attorney acting for him. Thus, a defendant appearing *pro se* does not become a ward or client of the court, nor must the court give the defendant legal advice, explain potential defenses, or advise the defendant of the right to ask instructions, nor generally allow him to proceed differently than would his attorney. The usual caveat holds that such a defendant 'assumes for all purposes connected with his case, and must be prepared to be treated as having, the qualifications and responsibilities concomitant with the role he has undertaken.' " Note, Right to Defend *Pro Se,* 48 N. C. Law Rev. 678, 683-4 (1970).

Nevertheless, we have reviewed the assignments of error presented by defendant and find them to be without merit. The defendant was afforded a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and BALEY concur.