STATE OF NORTH CAROLINA v. JEROME EDWARD BRINCEFIELD

No. 7915SC364

(Filed 18 September 1979)

1. Constitutional Law § 49— waiver of counsel at trial

Defendant knowingly, intelligently and voluntarily waived his right to counsel in compliance with G.S. 15A-1242 where the trial judge fully informed defendant in open court of the nature of the charges against him, his right to have counsel appointed to represent him, and the meaning and effect of waiver of counsel, and defendant stated under oath that he had been informed of the charges against him, the statutory punishment therefor, the nature of the proceeding, the right to counsel, and the consequences of waiver of counsel, that he understood the foregoing, and that he waived the assignment of counsel and elected to appear in his own behalf.

2. Constitutional Law § 40— representation of self at trial—court's failure to appoint standby counsel

The trial court did not abuse its discretion in failing to appoint standby counsel for a defendant who elected to represent himself or to inquire of defendant whether he desired standby counsel. G.S. 15A-1243.

3. Constitutional Law § 48— effective assistance of counsel—defendant's representation of self

When a defendant elects to represent himself at trial, he cannot thereafter complain that the quality of his own defense amounted to a denial of the effective assistance of counsel.

4. Criminal Law § 89.2— corroborative evidence—limiting instruction—necessity for request

The trial court did not err in failing to instruct that an officer's testimony as to statements made by the prosecutrix was competent only for corroborative purposes absent a request for such a limiting instruction.

APPEAL by defendant from *McLelland, Judge*. Judgments entered 11 October 1978 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 22 August 1979.

Defendant was tried upon charges of assault with intent to commit rape and felonious breaking or entering. The jury found defendant guilty of the assault charge and of non-felonious breaking or entering. Judgments of imprisonment were entered and defendant appealed.

The record shows that defendant was represented by counsel of his choice in the district court. On 12 September 1978, defendant's counsel was allowed to withdraw and defendant signed a

waiver of right to have assigned counsel. Judge McLelland signed the judicial certificate accompanying the waiver.

The trial began 9 October 1978 before Judge McLelland. At the outset he inquired if defendant was ready for trial and defendant responded that he did not have a lawyer, did not expect to have one and was as ready for trial as he would ever be.

The state's evidence showed defendant was painting a house across the street from the home of the prosecuting witness, Charlene Yvonne Stephens. She was fourteen years of age. Defendant came to her house, requested a glass of water and she told him to wait at the door. When she returned with the water, defendant had entered the house. She told him to leave and he replied, "No, I want you." When defendant advanced toward her she ran, but he caught her in the hall and grabbed her arm. Defendant said, "If you'd let me do it, I won't hurt you." She struggled to get away from him but he was able to pull her halter top all the way down and to get her pants down to her knees. He unzipped his pants and took out his penis. She continued to resist him and he finally left with the threat that he was coming back.

The police were called, she told them what had happened and defendant was arrested the same day.

Defendant's evidence showed that he had met the prosecuting witness at the school cafeteria where he was working, and that she had followed him around and told everyone he was her boyfriend. While he was painting the house, she brought water to him at times. He went to her house, knocked and asked for another glass of cold water. She said, yeah, for him to come on in. He went in and drank the water she had brought to him. She made remarks to him of a sexual nature but he told her she was too ugly and too young. She put her arms around him from behind but he left. Defendant's evidence tended to show that he did not assault her in any manner but that she made sexual advances to him that he rebuffed.

*Attorney General Edmisten, by Assistant Attorney General James Wallace, Jr., for the State.*

*Daniel H. Monroe for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] Defendant contends the trial court did not comply with N.C.G.S. 15A-1242 and 15A-1243. Section 1242 allows a defendant to go to trial without the assistance of counsel where the *trial judge* makes thorough inquiry and is satisfied defendant (1) has been advised of his right to the assistance of counsel and right to appointed counsel; (2) understands the consequences of his decision; and (3) comprehends the nature of the charges and the range of permissible punishments.

Judge McLelland was the trial judge and also presided at the pretrial hearings of defendant when defendant executed the waiver of counsel form. At that time, Judge McLelland fully informed defendant in open court of the nature of the proceedings or charges against him and of his right to have counsel appointed to represent him. With this information and understanding and after the judge explained the meaning and effect of waiver of counsel, defendant waived his right to counsel in the judge's presence.

Defendant, under oath, stated he had been informed of the charges against him, the nature of them, the statutory punishment therefor, the nature of the proceeding, the right to counsel and the consequences of waiver of counsel. He further swore that he understood the foregoing and thereupon waived the assignment of counsel and elected to appear in all respects in his own behalf, without counsel, which he understood he had a right to do.

Brincefield, a defendant in a state criminal trial, had the right, protected by the United States Constitution, to represent himself in this case. *Faretta v. California*, 422 U.S. 806, 45 L.Ed. 2d 562 (1975); *State v. Mems*, 281 N.C. 658, 190 S.E. 2d 164 (1972). Under the laws of North Carolina, a defendant may appear either in person or by attorney. N.C. Gen. Stat. 1-11; *State v. Pritchard*, 227 N.C. 168, 41 S.E. 2d 287 (1947); *State v. Lashley*, 21 N.C. App. 83, 203 S.E. 2d 71 (1974). *See* Leippe, *Right To Defend Pro Se*, 48 N.C.L. Rev. 678 (1970).

We hold the defendant knowingly, intelligently and voluntarily waived right to counsel before Judge McLelland. *Faretta v. California, supra.* All the provisions of N.C.G.S. 15A-1242 were obeyed. The assignment of error is overruled.

[2]  The appointment of standby counsel for a defendant is entire-ly in the sound discretion of the trial judge. N.C. Gen. Stat. 15A-1243. The court had no statutory duty to inquire of defendant whether he desired standby counsel. There is nothing in the record suggesting abuse of discretion by the trial court in failing to inquire of defendant at the outset of the trial concerning stand-by counsel.

[3]  Defendant contends that by representing himself he did not receive effective assistance of counsel. As Chief Justice Stacy said, "He proved to be a poor lawyer and an unwise client." *State v. Pritchard, supra* at 169, 41 S.E. 2d at 287. When a defendant represents himself, he gives up many of the traditional benefits associated with the right to counsel. Brincefield's technical knowledge of the law was not relevant to an assessment of his knowing exercise of the right to represent himself. *Faretta v. California, supra.* When a defendant elects to represent himself in a criminal action, the trial court is not required to abandon its position as a neutral, fair and disinterested judge and assume the role of counsel or advisor to the defendant. The defendant waives counsel at his peril and by so doing acquires no greater rights or privileges than counsel would have in representing him.

Whatever else a defendant may raise on appeal, when he elects to represent himself he cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel. *Id.*

[4]  The trial court did not err in failing to instruct the jury that the portion of the officers' testimony containing statements made by the prosecuting witness was competent only for corroborative purposes. Defendant made no request for such instruction. Absent a request for a limiting instruction, the court's failure to do so is not error. *State v. Ham*, 224 N.C. 128, 29 S.E. 2d 449 (1944); *State v. Spain*, 3 N.C. App. 266, 164 S.E. 2d 486 (1968).

There was plenary evidence in the record to submit the stated charges to the jury. Defendant testified in his own behalf and produced other witnesses. The jury reconciled the evidence against defendant. The trial judge accorded the defendant a fair trial, free of prejudicial error, under difficult circumstances. We find

No error.

Chief Judge MORRIS and Judge PARKER concur.