LEMUEL SHIRLEY, JR. v. ADMINISTRATIVE OFFICE OF THE COURTS (TA-5983), ADMINISTRATIVE OFFICE OF THE COURTS (TA-5984), NORTH CAROLINA DEPARTMENT OF JUSTICE (TA-5985), NORTH CAROLINA DEPARTMENT OF SOCIAL REHABILITATION AND CONTROL (TA-5986), NORTH CAROLINA DEPARTMENT OF JUSTICE (TA-5987)

No. 7910IC313

(Filed 4 December 1979)

**Appeal and Error § 40— Rules of Appellate Procedure mandatory**
The Rules of Appellate Procedure are mandatory and apply to a litigant appearing *in propria persona.*

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 20 November 1978. Heard in the Court of Appeals 27 November 1979.

*Lemuel Shirley, Jr., plaintiff appellant, in propria persona.*

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for defendant appellees.*

MARTIN (Harry C.), Judge.

Appellant violated Rule 10(a), (b)(1), (b)(2), and (c) of the North Carolina Rules of Appellate Procedure by failing to set out any exceptions in the record on appeal, failing to make exceptions as the basis of the assignments of error, and failing to indicate the pages of the record on appeal where the exceptions appear. Appellant also violated App. R. 28(b)(3) by failing to refer in his brief to the assignments of error, exceptions and pages where they appear in the record on appeal.

Exceptions not preserved and set forth as required by the Rules are deemed abandoned. Appellant does not properly raise in his brief the question whether the findings of fact and conclusions of law support the order. Rule 10(a), North Carolina Rules of Appellate Procedure.

For these reasons the appeal is subject to dismissal. The Rules of Appellate Procedure are mandatory. *Craver v. Craver*, 298 N.C. 231, 258 S.E. 2d 357 (1979); *State v. Brown*, 42 N.C. App. 724, 257 S.E. 2d 668 (1979).

The Rules of Appellate Procedure apply to a litigant appearing *in propria persona*. Neither counsel nor parties have any right to ignore the Rules of Appellate Procedure. *Owens v. Boling*, 274 N.C. 374, 163 S.E. 2d 396 (1968). The right of self-representation is not a license to avoid compliance with relevant rules of procedural law. *Faretta v. California*, 422 U.S. 806, 45 L.Ed. 2d 562 (1975). *See State v. Brincefield*, 43 N.C. App. 49, 258 S.E. 2d 81 (1979).

Appeal dismissed.

Judges VAUGHN and WEBB concur.