STATE OF NORTH CAROLINA v. DANIEL LEVON McMILLAN

No. 8112SC278

(Filed 1 December 1981)

1. **Witnesses § 1.1— mental capacity of witness to testify**

    The evidence was sufficient to support the trial court's determination that a rape victim had the requisite mental capacity to testify where the victim stated that she knew the meaning of taking an oath, she understood her duty to tell the truth, and she recalled and could testify about the events which occurred in her home on the day of the alleged rape.

2. **Criminal Law § 89.5— corroboration—prior written statement—slight variances in description of rape**

    Although a prior written statement of a rape victim contained a more explicit description of the alleged rape than the victim's in-court testimony, the variations between the prior statement and the in-court testimony were slight, and the prior statement was properly admitted to corroborate the victim's in-court testimony.

3. **Criminal Law § 89.2— corroborating statement—failure to limit consideration—harmless error**

    The trial court's instruction that a prior written statement by a rape victim could be considered to the extent that it corroborated "a previous witness" was erroneous in failing to limit consideration of the statement to corroboration of the victim who made it, but such error was harmless in this case.

4. **Criminal Law § 114.5— instruction that "you must find"—expression of opinion**

    The trial court expressed an opinion on the evidence when, in response to questioning from the jury on the difference between second degree rape and assault on a female, the court instructed that "you must find" from the evidence beyond a reasonable doubt that defendant engaged in sexual intercourse with the victim by committing certain acts.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 11 November 1980 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 16 September 1981.

Although tried for second degree rape and common law robbery, defendant was only convicted of second degree rape.

At trial, a *voir dire* was conducted to determine the competency of the prosecutrix, Sophie Buie, to testify. After making findings of fact, the trial court concluded that Mrs. Buie was competent to testify. Thereafter, testimony was elicited from Mrs. Buie regarding the alleged rape. William Martin, who was at Mrs. Buie's home when the alleged rape occurred, then testified for the State. Later, the State introduced, for corroborative purposes, statements taken by police officers from these two witnesses within a few days after the alleged rape. The alleged rape occurred on 24 March 1980. William Martin gave his statement to law enforcement officers on 25 March 1980; Sophie Buie gave her statement to law enforcement officers on 29 March 1980.

According to the defendant, the statement made by Mrs. Buie to the police was clear and coherent, quite unlike her disjointed, sometimes non-responsive and inconsistent testimony at trial.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Appellate Defender Project for North Carolina, by Adam Stein and Marc D. Towler, for defendant appellant.*

BECTON, Judge.

The defendant appeals from his conviction of second degree rape contending that the trial court (1) erroneously permitted Mrs. Buie, an incompetent witness, to testify; (2) allowed into evidence, for corroborative purposes, a prior statement of Mrs. Buie which included prejudicial material not testified to by Mrs. Buie; (3) failed to instruct the jury properly on the limited use of the "corroborating" statement; and (4) erred in its jury charge on second degree rape.

I

[1]   First, the defendant argues that his Sixth Amendment right to confrontation was denied when the trial court determined that Mrs. Buie possessed the requisite mental capacity and permitted her to testify. We disagree. The trial court's determination that a

witness is competent to testify is binding on this Court unless it is shown that the trial court abused its discretion. *State v. Squires*, 265 N.C. 388, 144 S.E. 2d 49 (1965). In *State v. Benton*, 276 N.C. 641, 174 S.E. 2d 793 (1970), our Supreme Court said:

> "Unsoundness of mind does not per se render a witness incompetent, the general rule being that a lunatic or weak-minded person is admissible as a witness if he has sufficient understanding to apprehend the obligation of an oath and is capable of giving a correct account of the matters which he has seen or heard with respect to the questions at issue. The decision as to the competency of such a person to testify rests largely within the discretion of the trial court."

*Id.* at 650, 174 S.E. 2d at 799, *quoting* 97 C. J. S. Witnesses § 57(b) (1957). Further, "mental eccentricities or aberrations which fall short of complete mental incapacity do not render a witness incompetent. . . ." *State v. Wetmore*, 287 N.C. 344, 352, 215 S.E. 2d 51, 56 (1975), *quoting* 3 Jones on Evidence § 20.13, pp. 614-15 (6th ed. 1972), *judgment vacated on other grounds* 428 U.S. 905, 49 L.Ed. 2d 1212, 96 S.Ct. 3213 (1976), *new trial* 298 N.C. 743, 259 S.E. 2d 870 (1979).

In the case before us, there is evidence to support the trial court's findings of fact and conclusions of law that Mrs. Buie possessed the requisite mental capacity to testify. In response to questions from the State, Mrs. Buie testified that she knew the meaning of taking the oath, that she understood her duty to tell the truth, and that she recalled and could testify about the events which occurred in her home on the day of the alleged rape. There is no evidence of abuse of discretion; consequently, the trial court's decision will not be disturbed.

## II

[2] The defendant next argues that the trial court erred in admitting into evidence, as State Exhibit 1, the prior type-written statement of Mrs. Buie as corroborative evidence since the prior statement contained additional material prejudicial to the defendant which was not contained in Mrs. Buie's in-court testimony. We disagree.

"Unlike the law in many other states, prior consistent statements of a witness in North Carolina are admissible as cor-

roborative evidence even when that witness has not been impeached." *State v. Perry,* 298 N.C. 502, 505, 259 S.E. 2d 496, 498 (1979) (citations omitted). However, "the state may not, under the guise of 'corroboration,' introduce 'new' evidence—i.e., evidence which substantially and materially goes beyond that which it is intended to corroborate." *State v. Rogers,* 299 N.C. 597, 606, 264 S.E. 2d 89, 95 (1980) (Exum, J., concurring). *See also State v. Brooks,* 260 N.C. 186, 132 S.E. 2d 354 (1963). When, on the other hand, there are only slight variances between the prior statement and the witness' in-court testimony, the variances do not render the prior statement inadmissible but only go to its credibility and weight. *State v. Bryant,* 282 N.C. 92, 191 S.E. 2d 745 (1972), *cert. denied sub nom White v. North Carolina,* 410 U.S. 958, 35 L.Ed. 2d 691, 93 S.Ct. 1432 (1973) and *cert. denied sub nom Holloman v. North Carolina,* 410 U.S. 987, 36 L.Ed. 2d 184, 93 S.Ct. 1516 (1973); *State v. Norris,* 264 N.C. 470, 141 S.E. 2d 869 (1965). Whether the statement does, in fact, corroborate the witness' testimony is a question for the jury. *State v. Case,* 253 N.C. 130, 116 S.E. 2d 429 (1960), *cert. denied* 365 U.S. 830, 5 L.Ed. 2d 707, 81 S.Ct. 717 (1961).

In the case before us, Mrs. Buie's prior type-written statement contained an explicit allegation that the defendant had sexual intercourse with her, and it explicitly described penetration. In the statement she said: "[h]e forced me to lay on the bed and he pushed my knees up to my shoulders and said, I'm going to do that to you. He opened his pants and took his privates out and he raped me. . . . [He] inserted his privates in my privates and raped me." Her in-court testimony, however, was conclusory on the issue of rape. Even though she did not articulate her allegations as coherently at trial as she expressed them in her statement, the import of her testimony was clear. She testified:

A. The [defendant], he offered [William Martin] to use me and [William Martin] didn't but the [defendant] did, forced me on the bed and used me.

Q. When you say "He used me" what do you mean by that?

A. Well, I mean complete forcible raping me and he did and I am not telling no lie, either. He did force me on the bed and he raped me . . . the [defendant] did force me and rape me and definitely he did.

The prior statement, while more explicit than the in-court testimony, is a consistent statement and was properly admitted to corroborate the witness' testimony. The variations did not go beyond the in-court testimony or amount to "new" evidence. *See State v. Brooks.* Mrs. Buie's prior statement and her in-court testimony is similar to the prior statement (defendant "raped" her) and in-court testimony ("I felt his penis in my vagina.") of the prosecuting witness in *State v. Mayhand,* 298 N.C. 418, 420, 425-26, 259 S.E. 2d 231, 234, 237 (1979). The *Mayhand* Court held that the variations were slight and that the statement was properly admitted. Consequently, we hold that the variations in the statement and in the in-court testimony in this case were slight and did not render the statement incompetent.

Even if the statement contained material variations, the defendant's assignment of error would be rejected because defendant did not object to any part of the statement. "Where the defendant contends part of the testimony does not tend to corroborate the prior witness's [sic] testimony, he has a duty to point out to the court the objectionable part." *State v. Harris,* 46 N.C. App. 284, 286, 264 S.E. 2d 790, 792 (1980) (citations omitted). In *State v. Spain,* 3 N.C. App. 266, 164 S.E. 2d 486 (1968), the defendant was charged with raping his stepdaughter. Statements made by her to a police officer after the incident occurred were introduced to corroborate her testimony. The prior statement went beyond the testimony of the witness and the defendant entered a general objection. This Court held that even though a part of the statement was incompetent because it went beyond the testimony of the witness, the trial court did not err in overruling defendant's general objection since the statement was admissible for corroborative purposes. 3 N.C. App. at 269, 164 S.E. 2d at 489.

### III

[3] The defendant further argues that the trial court erred in "failing to instruct the jury that the corroborating statement [of Mrs. Buie] could be considered in support of the credibility of only the witness who had made the prior statement and not in support of the credibility of any other witness." We agree, but we find the error harmless.

The court's limiting instruction before and after the introduction of Mrs. Buie's statement is set out below:

> Ladies and gentlemen of the jury, the following evidence which is about to be received is being admitted for the limited purpose of corroboration, that is, to the extent that you find it does corroborate the testimony of *a witness* previously given under oath at this trial and you will consider this evidence which is about to be received for the limited purpose of corroboration and corroboration only. It is not substantive evidence of anything. [Emphasis added.]

After her statement, the court instructed:

> Ladies and gentlemen of the jury, the foregoing evidence was admitted for the limited purpose of corroboration, that is, to the extent that you find that it does corroborate the previous testimony made by *a previous witness* under oath at this trial, you will consider it for purposes of corroboration and corroboration only. It is not substantive evidence of anything. [Emphasis added.]

These instructions are erroneous. A corroborative statement is admissible only to corroborate the testimony of *the witness who made the statement. State v. Miller,* 288 N.C. 582, 596, 220 S.E. 2d 326, 336 (1975); *see State v. McAdoo,* 35 N.C. App. 364, 241 S.E. 2d 336, *disc. rev. denied* 295 N.C. 93, 244 S.E. 2d 262 (1978). However, once a trial court instructs a jury that a prior statement is admissible only to corroborate the testimony of the witness who made the prior statement, it is not necessary for the trial court further to instruct the jury that it is not to consider the prior statement "in support of the credibility of any other witness" as is suggested by defendant. The limiting instruction given in this case did not clearly charge the jury that it was to consider Mrs. Buie's statement only as corroboration of her testimony. It is quite possible that the jury considered Mrs. Buie's statement as corroboration of William Martin's testimony since he also testified *prior* to the introduction of the statement.

Although we find that the instruction was erroneous, we do not find that the instruction was prejudicial on the facts of this case. As stated earlier, Mrs. Buie's prior statement did *not* contain material variations; it did not amount to new evidence. Since the corroborating statement was admissible in its entirety as corroboration of Mrs. Buie's testimony, the defendant is not harmed,

on the facts of this case, by the possibility that Mrs. Buie's prior statement may have been used to corroborate William Martin.

## IV

**[4]** The defendant's final argument is that the trial court committed prejudicial error by expressing an opinion on the evidence when it instructed the jury on second degree rape and when it failed to mention evidence very important to defendant's defense. We agree that the instruction on second degree rape was error, and for this reason the defendant is entitled to a new trial.

In response to questioning from the jury on the difference between second degree rape and assault on a female the court gave the following instruction:

> Now, with respect with these two charges I charge that *you must find* from the evidence beyond a reasonable doubt that on March 24, 1980, Daniel Levon McMillan engaged in sexual intercourse with Sophie Buie and that he did so by taking her pants off and pushing her legs up to her chest and moving her hand away from her private parts and that this was sufficient to overcome any resistance which Sophie Buie might make and that Sophie Buie did not consent and it was against her will it would be your duty to return a verdict of second degree rape. [Emphasis added.]

Our Supreme Court has found reversible error in two cases in which the trial court made similar mistakes. In *State v. Williams*, 280 N.C. 132, 136, 184 S.E. 2d 875, 878 (1971), the trial court charged the jury that:

> In that connection, you are instructed, ladies and gentlemen of the jury, the State of North Carolina has satisfied you beyond a reasonable doubt that the Defendant, Mr. Robert Williams, Jr., unlawfully, willfully and feloniously, in a criminal and negligent way and the act was criminally negligent, reckless and careless and showed total disregard for consequences or heedless indifference to the safety and rights of others and such act was done with a deadly weapon, as that term has been described to you, and you are further satisfied from the evidence that the deceased, Mr. Stroud's death was a natural and probable result of the Defendant's

act, it would be your duty to return a verdict of involuntary manslaughter.

The Court opined that regardless of whether the omission of the word "if" from the above charge was inadvertent, the expression by the court that the State had shown the defendant's acts to be criminally negligent resulted, and that that error, taken along with others, required that a new trial be ordered.

Further, in *State v. Cates*, 24 N.C. App. 65, 210 S.E. 2d 100 (1974), the trial court made a similar mistake which resulted in a new trial for the defendant. There the trial court charged the jury as follows:

The Court instructs you *that the fact that* this was a moving automobile and was being driven on the road at a time that [the student] could not have gotten out of the automobile because it was a moving automobile, without subjecting herself to injury, at the time the automobile was first in the streets there, the University Road and the other streets, or after [the student] had requested that he let her out some, I believe, according to her testimony, some ten or twelve times, and that finally when the car stopped at a stop sign she jumped out of the car when it was not being operated. (Emphasis added.)

*Id.* at 70, 210 S.E. 2d at 104. The Court found this instruction to constitute prejudicial error and ordered a new trial "since the jury could have understood the judge to mean that the most crucial facts at issue were established. . . ." *Id.*

Although "seriously doubt[ing]" whether the omission of the single word "if" constituted prejudicial error, the *Williams* Court concluded "that the total charge failed to clarify the material issues so as to aid the jury in reaching the verdict." 280 N.C. at 137, 184 S.E. 2d at 878. We do not have similar doubts in this case. More than an "if" was omitted in this case. The trial court affirmatively said: "I charge that you *must* find. . . ." (Emphasis added.) Significantly, what was probably an inadvertent, yet prejudicial, statement occurred, not in the middle of long instructions, but in the final mandate. Moreover, the instruction was particularly critical since the jury was obviously confused and had returned to the courtroom specifically to ask for additional in-

structions. Some or all of the jurors may have understood the judge to be telling them that *they were required* to find that the essential elements of rape had been established when these elements were actually still at issue. The fact that defendant was acquitted of the common law robbery charge in the face of testimony from the same State's witness that testified against him on the rape charge takes on added significance. That is, the trial court did not erroneously tell the jury that it was required to find defendant guilty of common law robbery, and defendant was acquitted of that charge. As we said in *Cates:*

> We cannot say that the error was harmless. The jury had some difficulty in arriving at a verdict. On one occasion the jury returned to the courtroom [to ask a question]. . . . The case was a close one and the error may very well have tipped the scales against the defendant [on the rape charge].

24 N.C. App. at 70, 210 S.E. 2d at 104.

Because we grant a new trial on this issue, we do not address the defendant's remaining contention.

For the foregoing reasons, the defendant is entitled to a

New trial.

Judge MARTIN (Robert M.) and Judge MARTIN (Harry C.) concur.