NO. COA13-953

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

     v.                      Alamance County
                                 No. 09 CRS 056388

EDDIE DANIEL BERRY


Appeal by defendant from judgment entered 28 February 2013 by Judge James E. Hardin Jr. in Alamance County Superior Court. Heard in the Court of Appeals 8 April 2014.


> *Attorney General Roy Cooper, by Assistant Attorney General Sarah Y. Meacham, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Nicholas C. Woomer-Deters, for defendant-appellant.*


STEELMAN, Judge.


In accepting a stipulation of the parties and giving an instruction to the jury on how to consider the stipulation, the trial court did not express an opinion on a question of fact to be decided by the jury in violation of N.C. Gen. Stat. § 15A-1222 or express an opinion as to whether a fact had been proved in violation of N.C. Gen. Stat. § 15A-1232. Plain error review is not applicable to appellate review of a stipulation entered

into by defendant at trial. The record does not provide sufficient information for this court to rule on defendant's ineffective assistance of counsel claim, and that claim is dismissed without prejudice to defendant raising the claim in a motion for appropriate relief filed by the trial court.

## I. Factual and Procedural Background

Eddie D. Berry (defendant) met Annalean Rogers (Annalean) in June of 2000. Shortly thereafter he moved into the apartment she shared with her four children: daughters A.R. and B.R. and sons C.R. and D.R. Defendant married Annalean on 5 July 2004 and assumed the role of stepfather to A.R. and her siblings.

At the time of the trial, A.R. was eighteen years old. A.R. testified that defendant sexually assaulted her for the first time a couple of weeks before defendant and Annalean got married. A.R. testified that the sexual assaults continued for several years. The final incident occurred on 4 July 2009. After this incident, A.R. called her uncle, Roy Rogers (Roy), and told him what had happened. A.R. called the police and gave a statement to Officer Robert Lovette (Officer Lovette) of the Graham Police Department. On 15 February 2010, defendant was indicted for taking indecent liberties with a child. A superseding indictment was issued on 26 November 2012 charging

defendant with one count of indecent liberties with a child and one count of statutory rape.

At trial, by stipulation of the parties, the State entered into evidence a redacted interview report by Janet Hadler (Hadler), a clinical social worker who interviewed A.R. Her report contained some statements that contradicted A.R.'s trial testimony. The report also contained the following:

> TSCC: This report should be used as only one source of information about the individual being evaluated. In this respect, no decisions should be based solely on the information contained in this report. The raw and standardized scores contained in this report should be integrated with other sources of information when making decisions about this individual. [A.R.]'s TSCC is considered to be valid. . . . [A.R.]'s scores were in the clinically significant range for the following TSCC Clinical Scales/Subscales: Anxiety (T-score 67), . . . Fantasy (T-score 68), Sexual Concerns (T-score 120), Sexual Preoccupation (T-score 105), and Sexual Distress (T-score 133.) According to the manual, T-scores at or above 65 are considered clinically significant. For the SC (sexual concerns) scale and it's [sic] subscales SC-P and SC-D, T-scores at or above 70 are considered clinically significant. The manual states, "children with especially elevated scores on the SC scale may have been prematurely sexualized or sexually traumatized. This can occur as a result of childhood sexual abuse, [sic] exposure to pornography, witnessing sexual acts, or, in the case of adolescents, sexual assault by a peer."

Hadler was unable to testify at trial due to a family illness. The parties stipulated that redacted portions of Hadler's report be received as evidence for the purpose of corroborating A.R.'s testimony. The stipulation read as follows:

> Janet Hadler, licensed clinical social worker, performed a child family evaluation of [A.R.] in September and October of 2009. Ms. Hadler is unavailable due to family illness. The parties have stipulated that the portion of her report of her interview with [A.R.] may be entered into evidence without her presence. This evidence may be considered for the purpose of corroboration of the witness, [A.R.].

During a conference with counsel outside of the presence of the jury, the trial judge indicated that he would allow the report to be entered into evidence as State's Exhibit 6 pursuant to the agreed upon stipulation, which would be marked as State's Exhibit 7. The trial judge further indicated that:

> I'll then give a limiting instruction that is consistent with pattern instruction 101.41 out of the civil pattern instructions regarding stipulations which will essentially say that the State of North Carolina and the defendant have agreed or stipulated that certain facts shall be accepted by you [members of the jury] as true without further proof. Those facts have been stated in the record as it relates to stipulation as described in State's Exhibit 7 since the parties have so agreed. You will take these facts as true for the purpose of this case.

The State's attorney and defendant's trial counsel assented to this instruction, and made no objection.

In the presence of the jury, the State's attorney read the agreed-upon stipulation to the jury and moved, without objection, to enter State's Exhibits 6 and 7 into evidence. The State's attorney then moved to publish copies of Hadler's redacted report to the jury. The trial judge, before allowing the redacted report to be published to the jury, instructed the jury as follows:

> Now, before we proceed, ladies and gentlemen, I want to make sure that you understand that the State of North Carolina and the defendant have agreed or stipulated that certain facts shall be accepted by you as true without further proof.
>
> The agreed facts in this case relate to what is marked as State's Exhibit 7 and now received as a stipulation and State's Exhibit 6, portions of an interview conducted by the relevant parties as described.
>
> Since the parties have so agreed, you are to take these facts as true for the purposes of this case.

On 26 February 2013, the jury returned guilty verdicts against defendant for one count of taking indecent liberties with a minor and one count of statutory rape; he was sentenced to 336 to 415 months active imprisonment.

Defendant appeals.

## II. Stipulation and Limiting Instruction

In his first argument, defendant contends that the trial court erred by instructing the jury to accept as true a redacted interview report by a licensed social worker that was entered into evidence by the State. We disagree.

### A. Standard of Review

A trial judge's expression of opinion on a question of fact violates the statutory mandates of N.C. Gen. Stat. §§ 15A-1222 and 1232, and therefore is preserved for *de novo* appellate review as a matter of law. *See State v. Young*, 324 N.C. 489, 494, 380 S.E.2d 94, 97 (1989).

### B. Analysis

The parties advised the trial judge that they had agreed to the following stipulation:

> Janet Hadler, a licensed clinical social worker, performed a child family evaluation of [A.R.] in September and October of 2009. Ms. Hadler is unavailable due to family illness. The parties have stipulated that a portion of her report of her interview with [A.R.] may be entered into evidence without her presence. This evidence may be considered for the purpose of corroboration of the witness, [A.R.]

This stipulation was read verbatim to the jury by Mr. Thompson, the Assistant District Attorney prosecuting the case. Mr. Thompson then clarified, "That stipulation, Your Honor, is

State's Exhibit 7. The actual portion of the evidence we're introducing is State's Exhibit 6." Judge Hardin then gave a limiting instruction to the jury which stated that, "The agreed facts in this case relate to what is marked as State's Exhibit 7 and now received as a stipulation and State's Exhibit 6, portions of an interview conducted by the relevant parties as described. Since the parties have so agreed, you are to take these facts as true for the purpose of this case."

"A stipulation is a judicial admission and ordinarily is binding on the parties who make it." *State v. Murchinson*, 18 N.C. App. 194, 197, 196 S.E.2d 540, 541 (1973) (citing *Farmer v. Ferris*, 260 N.C. 619, 133 S.E.2d 492 (1963)).

On appeal, defendant argues that the limiting instruction given by the trial judge violated N.C. Gen Stat. § 15A-1222 because it constituted "an opinion in the presence of the jury on any question of fact to be decided by the jury." Defendant argues that the wording of the instruction and the fact that the jury was handed only Exhibit 6 (the interview report) after the stipulation was read, rather than Exhibit 6 and 7 (the stipulation), that the jury could have reasonably interpreted the instruction to mean they should take the facts of Hadler's redacted report as true, resulting in a prejudicial error to defendant.

The stipulation, as read to the jury, stated that the redacted report "may be considered for the purpose of corroboration of the witness, [A.R.]." The trial judge then gave his limiting instruction. The redacted report was admitted pursuant to the stipulation that it may be used for purposes of corroboration. There is no indication whatsoever that the trial judge expressed an opinion on any question of fact to be decided by the jury in violation of N.C. Gen. Stat. § 15A-1222 or as to whether a fact had been proved in violation of N.C. Gen. Stat. § 15A-1232. The information contained in Exhibit 7, the stipulation, was to be accepted by the jury as true without further proof. The information in Exhibit 6, the redacted report, was to be used for the purposes of corroboration of A.R.'s testimony. There was no question of fact for the trial judge to express an opinion, with regard to either the stipulation or the redacted report.

"In determining whether the trial judge has expressed an impermissible opinion in its instructions to the jury, '[t]he charge of the court must be read as a whole, in the same connected way that the judge is supposed to have intended it and the jury to have considered it.'" *State v. Smith*, 160 N.C. App. 107, 120, 584 S.E.2d 830, 838 (2003) (quoting *State v. Lee*, 277 N.C. 205, 214, 176 S.E.2d 765, 770 (1970)). As long as the jury

instructions, viewed in context, present the law "fairly and clearly to the jury, the fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal." 160 N.C. App. at 120, 584 S.E.2d at 839. We hold that these principles apply not only to the final jury charge, but also to limiting instructions given by the court during trial.

The parties clearly stated that the stipulation was Exhibit 7 and that the interview referenced therein was Exhibit 6. When reading the stipulation, Mr. Thompson stated, "That stipulation, Your Honor, is State's Exhibit 7. The actual portion of the evidence we're introducing is State's Exhibit 6." Judge Hardin then stated, "I want to make sure that you understand that the State of North Carolina and the defendant have agreed or *stipulated that certain facts shall be accepted by you as true without further proof*." (emphasis added) This makes it clear that the facts to be accepted as true were those contained in the stipulation (Exhibit 7).

"[U]nless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless." *State v. Green*, 129 N.C. App. 539, 545, 500 S.E.2d 452, 456 (1998) *aff'd*, 350 N.C. 59, 510 S.E.2d 375 (1999) (citing *State v. Larrimore*, 340 N.C. 119, 154-55, 456 S.E.2d 789, 808 (1995)). There is no

reason to believe that the stipulation or limiting instruction had a prejudicial effect on the result of the trial.

Judge Hardin did not express any opinion to the jury in his instructions concerning the stipulation. Judge Hardin simply instructed the jury as to the parties' stipulation. Nothing in his instructions to the jury indicated any personal opinion as to the facts of the case.

The dissent acknowledges that a "totality of the circumstances" test should be used to determine whether a trial court has made an improper expression of opinion. *State v. Mucci*, 163 N.C. App. 615, 620, 594 S.E.2d 411, 415 (2004) (quoting *State v. Anthony*, 354 N.C. 372, 402, 555 S.E.2d 557, 578 (2001). However, it then proceeds to parse the language used by Judge Hardin to support its conclusions.

The trial court did not express opinion in his limiting instruction to the jury, and taken as a whole, the instructions did not prejudice defendant.

This argument is without merit.

### III. Admissibility of Report

In his second argument, defendant contends that the trial court committed plain error by admitting Hadler's redacted report into evidence. We disagree.

### A. Standard of Review

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. *See Odom,* 307 N.C. at 660, 300 S.E.2d at 378. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error "had a probable impact on the jury's finding that the defendant was guilty." *See id.* (citations and quotation marks omitted); *see also Walker,* 316 N.C. at 39, 340 S.E.2d at 83 (stating "that absent the error the jury probably would have reached a different verdict" and concluding that although the evidentiary error affected a fundamental right, viewed in light of the entire record, the error was not plain error). Moreover, because plain error is to be "applied cautiously and only in the exceptional case," *Odom,* 307 N.C. at 660, 300 S.E.2d at 378, the error will often be one that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," *Odom,* 307 N.C. at 660, 300 S.E.2d at 378 (quoting *McCaskill,* 676 F.2d at 1002).

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012).

## B. Analysis

Defendant's trial counsel made no objection to the information contained in the report at trial and stipulated to the admission of the redacted report into evidence. However, even in the face of his trial stipulation, defendant argues on appeal that the admission of Hadler's redacted report is still reviewable under plain error.

Generally, plain error analysis applies only to jury instructions and evidentiary matters. *State v. Atkins*, 349 N.C. 62, 81, 505 S.E.2d 97, 109 (1998). We have been unable to find any case law supporting the proposition that evidence received pursuant to a stipulation may be reviewed under plain error. *See State v. Marlow*, ___ N.C. App. ___, 747 S.E.2d 741, 745 (2013) (finding that "while the law is clear on when our courts are permitted to use the plain error analysis, it is not clear whether stipulations fall within the purview of such parameters."), *appeal dismissed*, ___ N.C. ___, 752 S.E.2d 493 (2013).

"Plain error review is appropriate when a defendant fails to preserve the issue for appeal by properly objecting to the admission of evidence at trial." *State v. Perkins*, 154 N.C. App. 148, 152, 571 S.E.2d 645, 648 (2002) (citing *State v. Rourke*, 143 N.C. App. 672, 675, 548 S.E.2d 188, 190 (2001)).

A stipulation is a judicial admission, voluntarily made by the parties to admit evidence at trial. In the instant case, defendant entered into a written stipulation with the State. It would be indefensible to allow a defendant to enter into a stipulation and then to challenge the evidence admitted pursuant to the stipulation on appeal. The essence of plain error is the failure of a defendant to object, coupled with a "fundamental

error" by the trial court in allowing the evidence to be received even in the absence of an objection. *See State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012). "Once a stipulation is made, a party is bound by it and he may not thereafter take an inconsistent position." *Rural Plumbing and Heating, Inc. v. H. C. Jones Const. Co.*, 268 N.C. 23, 31, 149 S.E.2d 625, 631 (1966) (citing *Austin v. Hopkins*, 227 N.C. 638, 43 S.E.2d 849 (1947)).

The conduct of defendant in entering into a stipulation at trial and then seeking to repudiate it on appeal is more akin to invited error than plain error. "[A] defendant who invites error . . . waive[s] his right to all appellate review concerning the invited error, including plain error review." *State v. Jones*, 213 N.C. App. 59, 67, 711 S.E.2d 791, 796 (2011) (quoting *State v. Barber*, 147 N.C. App. 69, 74, 554 S.E.2d 413, 416 (2001)). Therefore, "[a]lthough defendant labels this [issue on appeal] as 'plain error,' it is actually invited error because, as the transcript reveals, defendant consented to the manner in which the trial court gave the instructions to the jury." *State v. Fox*, 216 N.C. App. 153, 160, 716 S.E.2d 261, 266-67 (2011) (citing *State v. Wilkinson*, 344 N.C. 198, 235-36, 474 S.E.2d 375, 396 (1996)).

In the instant case, defendant agreed to the language of the stipulation and limiting instruction at trial. Defendant made no objection at trial to the limiting instruction, stipulation, or to the substance of the redacted report when it was entered into evidence. We hold that the concept of plain error is not applicable to stipulations entered into at trial.

This argument is without merit.

## IV. Ineffective Assistance of Counsel

In his third argument, defendant contends that he received ineffective assistance of counsel when his trial attorney stipulated to the admission of the report and failed to object to the trial court's instruction regarding the report. We disagree.

### A. Standard of Review

To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (citations and quotation marks omitted), cert. denied, 549 U.S. 867, 166 L. Ed. 2d 116 (2006).

## B. Analysis

Generally, to establish a claim for ineffective assistance of counsel, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 80 L.Ed.2d 674, 698 (1984). The Supreme Court has noted that, "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." 466 U.S. at 689, 80 L.Ed.2d at 694.

In the present case, the record does not provide sufficient information to determine whether trial counsel's decision to agree to the stipulation of the report was the result of a legitimate trial strategy. The report that was entered into evidence arguably bolstered defendant's position by

demonstrating the victim's lack of coherence in her story of the events. Defendant's claim of ineffective assistance of counsel is dismissed without prejudice to filing a motion for appropriate relief in the trial court.

NO ERROR IN PART, DISMISSED IN PART.

Judge BRYANT concurs.

Judge HUNTER, Robert C. concurs in part and dissents in part.

NO. COA13-953

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

v.                                    Alamance County
                                      No. 09 CRS 056388
EDDIE DANIEL BERRY


HUNTER, Robert C., Judge, concurring in part and dissenting in part.

I concur with the portions of the majority opinion regarding plain error review of stipulations on appeal and defendant's argument that he was denied effective assistance of counsel. However, because I believe that the trial court's instruction could have been reasonably interpreted by the jury as a mandate to accept certain disputed facts of this case as true, in violation of N.C. Gen. Stat. §§ 15A-1222 and 15A-1232 (2013), I respectfully dissent and conclude that defendant should be granted a new trial.

## Background

Defendant was indicted for taking indecent liberties with a child on 15 February 2010. A superseding indictment charging defendant with one count of indecent liberties with a child and one count of statutory rape was issued on 26 November 2012.

At trial, defendant's stepdaughter, A.R., testified that defendant sexually abused her repeatedly over a number of years, beginning when she was either ten or eleven years old. By stipulation of the parties, the State entered into evidence a redacted interview report by Janet Hadler ("Hadler"), a clinical social worker who interviewed A.R. The report contained numerous accusations of abuse by A.R., specifically that: (1) defendant sexually abused A.R. and her sister beginning when A.R. was eleven years old; (2) defendant had sexual intercourse with A.R. and took her virginity; and (3) defendant continued to have sex with A.R. "every time he can get away from [A.R.'s] mother." The report also contained Hadler's professional opinion as to these accusations, which appeared as follows:

> [A.R.]'s TSCC[1] is considered to be valid. . . . [A.R.]'s scores were in the clinically significant range for the following TSCC Clinical Scales/Subscales: Anxiety (T-score 67), . . . Fantasy (T-score 68), Sexual Concerns (T-score 120), Sexual Preoccupation (T-score 105), and Sexual Distress (T-score 133.) According to the manual, T-scores at or above 65 are considered clinically significant. For the SC (sexual concerns) scale and it's [sic] subscales SC-P and SC-D, T-scores at or above 70 are considered clinically significant. The manual states, "children with especially elevated scores on the SC scale may have been prematurely sexualized or sexually traumatized. This can

---

[1] It is unclear from the record what "TSCC" stands for.

occur as a result of childhood sexual abuse exposure to pornography, witnessing sexual acts, or, in the case of adolescents, sexual assault by a peer."

Hadler was unable to testify at trial due to a family illness. According to the stipulation, the parties agreed to let redacted portions of her report come in for the purpose of corroborating A.R.'s testimony. The stipulation read as follows:

> Janet Hadler, a licensed clinical social worker, performed a child family evaluation of [A.R.] in September and October of 2009. Ms. Hadler is unavailable due to family illness. The parties have stipulated that the portion of her report of her interview with [A.R.] may be entered into evidence without her presence. This evidence may be considered for the purpose of corroboration of the witness,[A.R.].

While the jury was dismissed, the trial judge indicated to counsel that he would allow the report to be entered into evidence as State's Exhibit 6 pursuant to the agreed-upon stipulation, which would be marked as State's Exhibit 7.

Following the bench conference, the jury returned to the courtroom. The State's attorney read the agreed-upon stipulation to the jury and moved, without objection, to enter State's Exhibits 6 and 7 into evidence. The State's attorney then moved to publish copies of Hadler's report to the jury,

whereupon the trial judge, before granting the motion to publish, instructed the jury as follows:

> Now, before we proceed, ladies and gentlemen, I want to make sure that you understand that the State of North Carolina and the defendant have agreed or stipulated that certain facts shall be accepted by you as true without further proof.
>
> The agreed facts in this case relate to what is marked as State's Exhibit 7 and now received as a stipulation and State's Exhibit 6, portions of an interview conducted by the relevant parties as described.
>
> Since the parties have so agreed, you are to take these facts as true for the purposes of this case.

On 26 February 2013, the jury returned guilty verdicts against defendant for one count of taking indecent liberties with a child and one count of statutory rape; he was sentenced to 336 to 415 months active imprisonment.

## Discussion

Defendant argues that the trial judge failed to give a promised limiting instruction and violated statutory mandates of sections 15A-1222 and 15A-1232 prohibiting a trial judge from expressing an opinion (1) as to whether or not a fact has been proved and (2) on any question of fact to be decided by the jury, because the judge inadvertently instructed the jury to

consider the facts contained in Hadler's report as true. After carefully reviewing the record and transcript of the trial, I agree. I would hold that the trial court inadvertently erred in its jury instruction on the stipulation, and because this error prejudiced defendant, I would order a new trial.

Typically, in order to preserve an argument for appellate review, a defendant must have "presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent." *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991); *see also* N.C. R. App. P. 10(a)(1) (2013). Defendant here failed to object to the trial court's instruction. However, the North Carolina Supreme Court has held that "[w]henever a defendant alleges a trial court made an improper statement by expressing an opinion on the evidence in violation of N.C.G.S. §§ 15A-1222 and 15A-1232, the error is preserved for review without objection due to the mandatory nature of these statutory provisions." *State v. Duke*, 360 N.C. 110, 123, 623 S.E.2d 11, 20 (2005). Defendant has made such allegations in this case, and thus, these arguments are preserved notwithstanding defendant's failure to object at trial. *See id.* On appeal, the burden is on the defendant to show that he was

prejudiced by the allegedly improper remarks. *See State v. McNeil*, 209 N.C. App. 654, 666, 707 S.E.2d 674, 683 (2011). That is, he must show that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached" by the jury. *Id.; see also* N.C. Gen. Stat. § 15A-1443(a) (2013).

N.C. Gen. Stat. § 15A-1222 provides that a trial judge "may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." N.C. Gen. Stat. § 15A-1232 further states in relevant part that "[i]n instructing the jury, the judge shall not express an opinion as to whether or not a fact has been proved[.]" Prejudicial error results where "the jury may reasonably infer from the evidence before it that the trial judge's action intimated an opinion as to a factual issue, the defendant's guilt, the weight of the evidence or a witness's credibility[.]" *State v. Blackstock*, 314 N.C. 232, 236, 333 S.E.2d 245, 248 (1985). "Whether a trial court's comment constitutes an improper expression of opinion is determined by its probable meaning to the jury, not by the judge's motive. Furthermore, a totality of the circumstances test is utilized under which defendant has the burden of showing prejudice."

*State v. Mucci*, 163 N.C. App. 615, 620, 594 S.E.2d 411, 415 (2004) (alteration in original) (citations and internal quotation marks omitted).

Here, while outside the presence of the jury, counsel for defendant and the State conferred with the trial judge regarding the stipulation. The substance of the stipulation was that: (1) Hadler was unavailable to testify at trial; (2) portions of her report were to be admitted into evidence; and (3) these redacted portions may be considered for the purpose of corroborating A.R.'s testimony. The trial court informed counsel that it would instruct the jury as to this stipulation based on N.C.P.I. Civil 101.41, which provides that juries are to accept stipulated facts as true without further proof. Specifically, the trial court informed counsel that it would instruct the jury as follows: "[F]acts have been stated in the record as it relates to stipulation as described in State's Exhibit 7 since the parties have so agreed. You will take these facts as true for the purpose of this case." However, when the jury returned to the courtroom, the following colloquy took place:

> THE COURT: All right. The jurors are now present with us in the courtroom. Mr. Thompson [counsel for the State], ready to proceed?
>
> MR. THOMPSON: We are, Your Honor.

Your Honor, at this time the State would make this following tender of stipulation.

Janet Hadler, a licensed clinical social worker, performed a child family evaluation of [A.R.] in September and October of 2009. Ms. Hadler is unavailable due to family illness. The parties have stipulated that the portion of her report of her interview with [A.R.] may be entered into evidence without her presence. This evidence may be considered for the purpose of corroboration of the witness, [A.R.]. That stipulation, Your Honor, is State's Exhibit 7.

The actual portion of the evidence we're introducing is State's Exhibit 6. We move to enter 6 and 7 at this time.

THE COURT: What says the defendant?

MR. MARTIN [defense counsel]: No objection.

THE COURT: All right. Without objection what is marked as State's Exhibit 6 and State's Exhibit 7 each is admitted and received.

MR. THOMPSON: At this time, Your Honor, we ask to publish the copies to the jury.

THE COURT: Now, before we proceed, ladies and gentlemen, I want to make sure that you understand that the State of North Carolina and the defendant have agreed or stipulated that certain facts shall be accepted by you as true without further proof.

*The agreed facts in this case relate to* what is marked as State's Exhibit 7 and now received as a stipulation *and State's Exhibit 6, portions of an interview conducted by the relevant parties as*

*described.*

*Since the parties have so agreed, you are to take these facts as true for the purposes of this case. The motion to publish is allowed.*

It's my impression, ladies and gentlemen, you all each have a copy of *State's Exhibit 6. If you will read that to yourselves, again, without comment.* And once you've completed your review of the document, pass that back down to the bailiff so that we know that you've completed your examination of that report.

*(Whereas State's Exhibit No. 6 was published to the jury.)*

(Emphasis added.)

The State argues, and the majority agrees, that the trial court did not violate sections 15A-1222 or 15A-1232 because it did not instruct the jury to read Hadler's report as true. Rather, the statement that "the agreed facts in this case relate to . . . State's Exhibit 6" merely indicated that the actual stipulation in State's Exhibit 7 related to the admissibility of State's Exhibit 6.

However, on appeal, this Court is to consider the instruction's "probable meaning to the jury" under the totality of the circumstances. *Mucci*, 163 N.C. App. at 620, 594 S.E.2d at 415. The attendant circumstances and wording of the instruction leads me to conclude that the jury could have

reasonably interpreted the trial court's statement as requiring the jury members to accept Hadler's report as true, in clear, but inadvertent, violation of sections 15A-1222 and 15A-1232.

First, the trial court told the jury that "[t]he agreed facts in this case relate to what is marked as State's Exhibit 7 and now received as a stipulation *and* State's Exhibit 6, portions of an interview conducted by the relevant parties as described." (Emphasis added.) The use of the conjunctive "and" in this instruction unavoidably combined both exhibits under the umbrella of what the "agreed facts . . . relate to," even though the trial judge told counsel during the bench conference that he would only instruct the jury that "facts have been stated in the record as it relates to stipulation as described in State's Exhibit 7 since the parties have so agreed. You will take these facts as true for the purpose of this case." Thus, the trial court's instruction to the jury differed materially from the instruction it promised counsel it was going to make while the jury was outside the courtroom, indicating that the reference to State's Exhibit 6 was unplanned and inadvertent.

Furthermore, the trial court failed to clarify that the redacted portions of Hadler's report were not to be considered for substantive purposes at all. Despite the agreement made

between counsel outside the presence of the jury that the report would only be admitted for corroborative purposes, the trial court never specifically instructed, either before or after publishing the document to the jury, that there were limits on the admissibility of Hadler's report. The stipulation itself provided only that Hadler's report "*may* be considered for the purpose of corroboration of the witness, [A.R.]." (Emphasis added.) The jury was never instructed at any point of the trial that it *may not* consider the report as substantive evidence of defendant's guilt. During the jury charge, the trial court instructed the jury that:

> Evidence has been received tending to show that at an earlier time *a witness* made a statement which may be consistent or may conflict with the testimony of the witness at this trial.
>
> You must not consider such earlier statement as evidence of the truth of what was said at that earlier time because it was not made under oath at this trial.
>
> If you believe that the earlier statement was made and that it is consistent or does conflict with the testimony of the witness at this trial, then you may consider this and all other facts and circumstances bearing upon the witness' truthfulness in deciding whether you will believe or disbelieve the testimony of the witness.

(Emphasis added.) Thus, the trial court failed to specify that Hadler's report, which included not only statements from A.R. but also Hadler's professional opinion on the clinical significance of those statements, was only admitted to corroborate A.R.'s testimony and was not to be considered for any other purpose. *See State v. McMillan*, 55 N.C. App. 25, 30, 284 S.E.2d 526, 530 (1981) (finding error where the trial court instructed on prior statements of "a witness" but failed to specify the limit on admissibility related solely to the specific witness's statements). Accordingly, the trial court's instruction to "take these facts as true," with the facts "relating to" both the stipulation and Hadler's report, was more amenable to being interpreted as invitation to read Hadler's report as true given the lack of specific limiting instructions on that exhibit.

Second, only Hadler's report, and not the stipulation itself, was published to the jury immediately following the trial court's ambiguous instruction. I believe that the jury could have reasonably inferred that what was being published to them was the subject of the instruction; or in other words, that Hadler's report was the document that the jury members were to read as true. This conclusion is especially availing given that

the trial court said "you are to take these facts as true for the purposes of this case" immediately after saying "[t]he agreed facts in this case relate to . . . State's Exhibit 6, portions of an interview conducted by the relevant parties as described," just before publishing State's Exhibit 6 to the jury, and without any clarification regarding the stipulation that Hadler's report "*may* be considered for the purpose of corroboration[.]"  (Emphasis added.)

Based on the totality of the circumstances, *Mucci*, 163 N.C. App. at 620, 594 S.E.2d at 415, I would hold that the challenged instruction could have been reasonably interpreted by the jury as requiring them to read Hadler's report as true.  In giving this instruction, the trial court both bolstered the credibility of the prosecuting witness, A.R., and afforded undue evidentiary weight to Hadler's conclusions in the report regarding the clinical significance of A.R.'s "T-scores."  Each of which constitutes prejudicial error.  *See Blackstock*, 314 N.C. at 236, 333 S.E.2d at 248 ("[I]n a criminal case it is only when the jury may reasonably infer from the evidence before it that the trial judge's action intimated an opinion as to a factual issue, the defendant's guilt, the weight of the evidence or a witness's credibility that prejudicial error results.").

Therefore, while it is clear that this error was inadvertent, the jury may have reasonably believed that they were instructed to read the statements in Hadler's redacted report as true, in which case the trial court inherently intimated an opinion as to the weight of this evidence, and prejudicial error resulted. *See Blackstock*, 314 N.C. at 236, 333 S.E.2d at 248.

## Conclusion

Based on the foregoing, I would hold that the trial judge inadvertently erred by giving an instruction constituting an impermissible expression of judicial opinion in violation of sections 15A-1222 and 15A-1232. Because this error bolstered the credibility of the prosecuting witness and afforded undue weight to a report admitted solely for corroborative purposes, I would conclude that defendant was prejudiced by this error, requiring a new trial.