HUNTER, Robert C., Judge,
concurring in part and dissenting in part.
I concur with the portions of the majority opinion regarding plain error review of stipulations on appeal and defendant’s argument that he was denied effective assistance of counsel. However, because I believe that the trial court’s instruction could have been reasonably interpreted by the jury as a mandate to accept certain disputed facts of this case as true, in violation of N.C. Gen. Stat. §§ 15A-1222 and 15A-1232 (2013), I respectfully dissent and conclude that defendant should be granted a new trial.
Background
Defendant was indicted for taking indecent liberties with a child on 15 February 2010. A superseding indictment charging defendant with one count of indecent liberties with a child and one count of statutory rape was issued on 26 November 2012.
At trial, defendant’s stepdaughter, A.R., testified that defendant sexually abused her repeatedly over a number of years, beginning when she was either ten or eleven years old. By stipulation of the parties, the State entered into evidence a redacted interview report by Janet Hadler *506 (“Hadler”), a clinical social worker who interviewed A.R. The report contained numerous accusations of abuse by A.R., specifically that: (1) defendant sexually abused A.R. and her sister beginning when A.R. was eleven years old; (2) defendant had sexual intercourse with A.R. and took her virginity; and (3) defendant continued to have sex with A.R. “every time he can get away from [A.R.’s] mother.” The report also contained Hadler’s professional opinion as to these accusations, which appeared as follows:
[A.R.]’s TSCC[1] is considered to be valid.... [A.R.]’s scores were in the clinically significant range for the following TSCC Clinical Scales/Subscales: Anxiety (T-score 67), . . . Fantasy (T-score 68), Sexual Concerns (T-score 120), Sexual Preoccupation (T-score 105), and Sexual Distress (T-score 133.) According to the manual, T-scores at or above 65 are considered clinically significant. For the SC (sexual concerns) scale and it’s [sic] subscales SC-P and SC-D, T-scores at or above 70 are considered clinically significant. The manual states, “children with especially elevated scores on the SC scale may have been prematurely sexualized or sexually traumatized. This can occur as a result of childhood sexual abuse exposure to pornography, witnessing sexual acts, or, in the case of adolescents, sexual assault by a peer.”
Hadler was unable to testify at trial due to a family illness. According to the stipulation, the parties agreed to let redacted portions of her report come in for the purpose of corroborating A.R.’s testimony. The stipulation read as follows:
Janet Hadler, a licensed clinical social worker, performed a child family evaluation of [A.R.] in September and October of 2009. Ms. Hadler is unavailable due to family illness. The parties have stipulated that the portion of her report of her interview with [A.R.] may be entered into evidence without her presence. This evidence may be considered for the purpose of corroboration of the witness, [A.R.],
While the jury was dismissed, the trial judge indicated to counsel that he would allow the report to be entered into evidence as State’s Exhibit 6 pursuant to the agreed-upon stipulation, which would be marked as State’s Exhibit 7.
*507 Following the bench conference, the jury returned to the courtroom. The State’s attorney read the agreed-upon stipulation to the jury and moved, without objection, to enter State’s Exhibits 6 and 7 into evidence. The State’s attorney then moved to publish copies of Hadler’s report to the jury, whereupon the trial judge, before granting the motion to publish, instructed the jury as follows:
Now, before we proceed, ladies and gentlemen, I want to make sure that you understand that the State of North Carolina and the defendant have agreed or stipulated that certain facts shall be accepted by you as true without further proof.
The agreed facts in this case relate to what is marked as State’s Exhibit 7 and now received as a stipulation and State’s Exhibit 6, portions of an interview conducted by the relevant parties as described.
Since the parties have so agreed, you are to take these facts as true for the purposes of this case.
On 26 February 2013, the jury returned guilty verdicts against defendant for one count of taking indecent liberties with a child and one count of statutory rape; he was sentenced to 336 to 415 months active imprisonment.
Discussion
Defendant argues that the trial judge failed to give a promised limiting instruction and violated statutory mandates of sections 15A-1222 and 15A-1232 prohibiting a trial judge from expressing an opinion (1) as to whether or not a fact has been proved and (2) on any question of fact to be decided by the jury, because the judge inadvertently instructed the jury to consider the facts contained in Hadler’s report' as true. After carefully reviewing the record and transcript of the trial, I agree. I would hold that the trial court inadvertently erred in its jury instruction on the stipulation, and because this error prejudiced defendant, I would order a new trial.
Typically, in order to preserve an argument for appellate review, a defendant must have “presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent.” State v. Eason, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991); see also N.C. R. App. P. 10(a)(1) (2013). Defendant here failed to object to the trial court’s instruction. However, *508 the North Carolina Supreme Court has held that “[w]henever a defendant alleges a trial court made an improper statement by expressing an opinion on the evidence in violation of N.C.G.S. §§ 15A-1222 and 15A-1232, the error is preserved for review without objection due to the mandatory nature of these statutory provisions.” State v. Duke, 360 N.C. 110, 123, 623 S.E.2d 11, 20 (2005). Defendant has made such allegations in this case, and thus, these arguments are preserved notwithstanding defendant’s failure to object at trial. See id. On appeal, the burden is on the defendant to show that he was prejudiced by the allegedly improper remarks. See State v. McNeil, 209 N.C. App. 654, 666, 707 S.E.2d 674, 683 (2011). That is, he must show that “there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached” by the jury. Id.) see also N.C. Gen. Stat. § 15A-1443(a) (2013).
N.C. Gen. Stat. § 15A-1222 provides that a trial judge “may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury.” N.C. Gen. Stat. § 15A-1232 further states in relevant part that “[i]n instructing the jury, the judge shall not express an opinion as to whether or not a fact has been proved[.]” Prejudicial error results where “the jury may reasonably infer from the evidence before it that the trial judge’s action intimated an opinion as to a factual issue, the defendant’s guilt, the weight of the evidence or a witness’s credibility[.]” State v. Blackstock, 314 N.C. 232, 236, 333 S.E.2d 245, 248 (1985). “Whether a trial court’s comment constitutes an improper expression of opinion is determined by its probable meaning to the jury, not by the judge’s motive. Furthermore, a totality of the circumstances test is utilized under which defendant has the’burden of showing prejudice.” State v. Mucci, 163 N.C. App. 615, 620, 594 S.E.2d 411, 415 (2004) (alteration in original) (citations and internal quotation marks omitted).
Here, while outside the presence of the jury, counsel for defendant and the State conferred with the trial judge regarding the stipulation. The substance of the stipulation was that: (1) Hadler was unavailable to testify at trial; (2) portions of her report were to be admitted into evidence; and (3) these redacted portions may be considered for the purpose of corroborating A.R.’s testimony. The trial court informed counsel that it would instruct the jury as to this stipulation based on N.C.P.I. Civil 101.41, which provides that juries are to accept stipulated facts as true without further proof. Specifically, the trial court informed counsel that it would instruct the jury as follows: “[F]acts have been stated in the record as it relates to stipulation as described in State’s Exhibit 7 since *509 the parties have so agreed. You will take these facts as true for the purpose of this case.” However, when the jury returned to the courtroom, the following colloquy took place:
THE COURT: All right. The jurors are now present with us in the courtroom. Mr. Thompson [counsel for the State], ready to proceed?
MR. THOMPSON: We are, Your Honor.
Your Honor, at this time the State would make this following tender of stipulation.
Janet Hadler, a licensed clinical social worker, performed a child family evaluation of [A.R.] in September and October of 2009. Ms. Hadler is unavailable due to family illness. The parties have stipulated that the portion of her report of her interview with [A.R.] may be entered into evidence without her presence. This evidence may be considered for the purpose of corroboration of the witness, [A.R.]. That stipulation, Your Honor, is State’s Exhibit 7.
The actual portion of the evidence we’re introducing is State’s Exhibit 6. We move to enter 6 and 7 at this time.
THE COURT: What says the defendant?
MR. MARTIN [defense counsel]: No objection.
THE COURT: All right. Without objection what is marked as State’s Exhibit 6 and State’s Exhibit 7 each is admitted and received.
MR. THOMPSON: At this time, Your Honor, we ask to publish the copies to the jury.
THE COURT: Now, before we proceed, ladies and gentlemen, I want to make sure that you understand that the State of North Carolina and the defendant have agreed or stipulated that certain facts shall be accepted by you as true without further proof.
The agreed facts in this case relate to what is marked as State’s Exhibit 7 and now received as a stipulation and State’s Exhibit 6, portions of an interview conducted by the relevant parties as described.

*510
Since the parties have so agreed, you are to take these facts as true for the purposes of this case. The motion to publish is allowed.

It’s my impression, ladies and gentlemen, you all each have a copy of State’s Exhibit 6. If you will read that to yourselves, again, without comment. And once you’ve completed your review of the document, pass that back down to the bailiff so that we know that you’ve completed your examination of that report.

(Whereas State’s Exhibit No. 6 was published to the jury.)

(Emphasis added.)
The State argues, and the majority agrees, that the trial court did not violate sections 15A-1222 or 15A-1232 because it did not instruct the jury to read Hadler’s report as true. Rather, the statement that “the agreed facts in this case relate to ... State’s Exhibit 6” merely indicated that the actual stipulation in State’s Exhibit 7 related to the admissibility of State’s Exhibit 6.
However, on appeal, this Court is to consider the instruction’s “probable meaning to the jury” under the totality of the circumstances. Mucci, 163 N.C. App. at 620, 594 S.E.2d at 415. The attendant circumstances and wording of the instruction leads me to conclude that the jury could have reasonably interpreted the trial court’s statement as requiring the jury members to accept Hadler’s report as true, in clear, but inadvertent, violation of sections 15A-1222 and 15A-1232.
First, the trial court told the jury that “ [t]he agreed facts in this case relate to what is marked as State’s Exhibit 7 and now received as a stipulation and State’s Exhibit 6, portions of an interview conducted by the relevant parties as described.” (Emphasis added.) The use of the conjunctive “and” in this instruction unavoidably combined both exhibits under the umbrella of what the “agreed facts ... relate to,” even though the trial judge told counsel during the bench conference that he would only instruct the jury that “facts have been stated in the record as it relates to stipulation as described in State’s Exhibit 7 since the parties have so agreed. You will take these facts as true for the purpose of this case.” Thus, the trial court’s instruction to the jury differed materially from the instruction it promised counsel it was going to make while the jury was outside the courtroom, indicating that the reference to State’s Exhibit 6 was unplanned and inadvertent.
*511 Furthermore, the trial court failed to clarify that the redacted portions of Hadler’s report were not to be considered for substantive purposes at all. Despite the agreement made between counsel outside the presence of the jury that the report would only be admitted for corroborative purposes, the trial court never specifically instructed, either before or after publishing the document to the jury, that there were limits on the admissibility of Hadler’s report. The stipulation itself provided only that Hadler’s report “may be considered for the purpose of corroboration of the witness, [A.R.].” (Emphasis added.) The jury was never instructed at any point of the trial that it may not consider the report as substantive evidence of defendant’s guilt. During the jury charge, the trial court instructed the jury that:
Evidence has been received tending to show that at an earlier time a witness made a statement which may be consistent or may conflict with the testimony of the witness at this trial.
You must not consider such earlier statement as evidence of the truth of what was said at that earlier time because it was not made under oath at this trial.
If you believe that the earlier statement was made and that it is consistent or does conflict with the testimony of the witness at this trial, then you may consider this and all other facts and circumstances bearing upon the -witness’ truthfulness in deciding whether you will believe or disbelieve the testimony of the witness.
(Emphasis added.) Thus, the trial court failed to specify that Hadler’s report, which included not only statements from A.R. but also Hadler’s professional opinion on the clinical significance of those statements, was only admitted to corroborate A.R.’s testimony and was not to be considered for any other purpose. See State v. McMillan, 55 N.C. App. 25, 30, 284 S.E.2d 526, 530 (1981) (finding error where the trial court instructed on prior statements of “a witness” but failed to specify the limit on admissibility related solely to the specific witness’s statements). Accordingly, the trial court’s instruction to “take these facts as true,” with the facts “relating to” both the stipulation and Hadler’s report, was more amenable to being interpreted as invitation to read Hadler’s report as true given the lack of specific limiting instructions on that exhibit.
Second, only Hadler’s report, and not the stipulation itself, was published to the jury immediately following the trial court’s ambiguous *512 instruction. I believe that the jury could have reasonably inferred that what was being published to them was the subject of the instruction; or in other words, that Hadler’s report was the document that the jury members were to read as true. This conclusion is especially availing given that the trial court said “you are to take these facts as true for the purposes of this case” immediately after saying “[t]he agreed facts in this case relate to... State’s Exhibit 6, portions of an interview conducted by the relevant parties as described,” just before publishing State’s Exhibit 6 to the jury, and without any clarification regarding the stipulation that Hadler’s report “may be considered for the purpose of corroboration[.]” (Emphasis added.)
Based on the totality of the circumstances, Mucci, 163 N.C. App. at 620, 594 S.E.2d at 415, I would hold that the challenged instruction could have been reasonably interpreted by the jury as requiring them to read Hadler’s report as true. In giving this instruction, the trial court both bolstered the credibility of the prosecuting witness, A.R., and afforded undue evidentiary weight to Hadler’s conclusions in the report regarding the clinical significance of A.R.’s “T-seores.” Each of which constitutes prejudicial error. See Blackstock, 314 N.C. at 236, 333 S.E.2d at 248 (“[I]n a criminal case it is only when the jury may reasonably infer from the evidence before it that the trial judge’s action intimated an opinion as to a factual issue, the defendant’s guilt, the weight of the evidence or a witness’s credibility that prejudicial error results.”).
Therefore, while it is clear that this error was inadvertent, the jury may have reasonably believed that they were instructed to read the statements in Hadler’s redacted report as true, in which case the trial court inherently intimated an opinion as to the weight of this evidence, and prejudicial error resulted. See Blackstock, 314 N.C. at 236, 333 S.E.2d at 248.
Conclusion
Based on the foregoing, I would hold that the trial judge inadvertently erred by giving an instruction constituting an impermissible expression of judicial opinion in violation of sections 15A-1222 and 15A-1232. Because this error bolstered the credibility of the prosecuting witness and afforded undue weight to a report admitted solely for corroborative purposes, I would conclude that defendant was prejudiced by this error, requiring a new trial.

. It is unclear from the record what “TSCC” stands for.